## ROCK–OLA MFG. CORPORATION v. LEOPOLD.

### No. 8755.

Circuit Court of Appeals, Fifth Circuit.
July 6, 1938.

Robert Harvey Thompson and John Harvey Thompson, both of Jackson, Miss., for appellant.

Allen C. Thompson, of Jackson, Miss., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment against appellant for damages for breach of a contract to sell scales to appellee partly for cash and partly on credit.

On April 2, 1937, appellee ordered from appellant one hundred coin-operated personal weighing scales for immediate delivery, terms $1,500 down, balance in three and six months, notes for unpaid balance to be given, payable in Jackson, Mississippi. On receipt of the order and appellee's check for $1,500, appellant wired its acceptance thereof, advising that the scales could not be shipped for three weeks. The check was deposited in Chicago for collection, but was dishonored by the bank in Jackson upon which it was drawn, and was returned to appellant with an endorsement showing insufficient funds. At appellee's request, the check was re-deposited, and was paid and cancelled on April 15th. Learning that the check had been dishonored, appellant's credit manager made a new investigation of appellee's financial condition. This investigation revealed that appellee was conducting a small business in the name of the Municipal Supply Company; that business was poor; and that there were ten judgments against him enrolled as having been rendered from June 4, 1934, to March 26, 1937, for a total of $681.56, all unsatisfied.

On April 21st, appellant wired appellee as follows: "New credit angle to straighten out writing fully." On the same day, it wrote a letter advising appellant that it would not be justified in making the sale on a credit, because of the number of judgments outstanding, but hoped appellee would proceed with the sale on a cash basis. On April 30th, appellee wrote appellant replying to its letter and telegram, protesting

its refusal to sell except for cash, insisting that his credit was good. The letter is somewhat incoherent, but we may assume it to mean that title to the property was to be vested in the Municipal Supply Company, of which appellee was president; that this company did not owe any debts, but had sufficient cash on hand to pay for the machines; that its credit was good, he having bought machines from appellant and others since the rendition of the judgments against him, and that all had been paid for; that, unless the machines were shipped at once, they would be bought elsewhere and an action would be brought for breach of contract; and that all other orders from appellee to appellant should be cancelled.

On May 3rd, appellant advised appellee that, in accordance with his request, the order for scales had been cancelled, and inclosed its check for $1,500 as a refund of the amount paid. This check was later returned to appellant, and suit by attachment was instituted by appellee against appellant in the Chancery Court of Hinds County, Mississippi. This suit was removed to the district court on the ground of diversity of citizenship, and tried as an action at law on amended pleadings, under which appellee claimed damages for breach of the contract of sale in the amount of $7,500, the difference in the contract price and the price alleged to have been paid for similar scales bought elsewhere. With its pleadings denying liability and setting out the insolvency of appellee, appellant paid into court the $1,500 received by it, together with interest thereon.

On the trial of the case, the court declined to permit appellant to introduce evidence tending to show the insolvency of appellee at the time agreed upon for shipment of the goods, or at later dates; would not admit evidence of the judgments rendered against appellant, and that they remained unsatisfied; and, at the close of the evidence showing the order and correspondence above referred to and the purchase of other scales at $75 each, instructed the jury to find for appellee, leaving for its determination only the amount of damages to be assessed. An exception to each of these rulings was duly taken. Verdict was rendered for appellee in the amount of $3,000, and this appeal is from the judgment entered thereon.

Under applicable decisions, it is well established that a seller of goods on credit, upon learning of his buyer's insolvency, may refuse to deliver except for cash. This right, which is related to the lien of the seller and the right of stoppage in transitu, is not qualified or diminished by a payment of a part of the purchase price, nor is it affected by the terms of the credit agreed upon or the security contemplated. Hunter v. Talbot, 11 Miss. 754, 3 Smedes & M. 754; Morris v. Shryock, 50 Miss. 590; Muehlstein & Co., Inc., v. Hickman, 8 Cir., 26 F.2d 40, 58 A.L.R. 1294; Berry's Sons Company v. Monark Gasoline, etc., Co., 8 Cir., 32 F.2d 74. As was stated in one well-considered case, "where goods are sold on credit, it is an implied condition of the contract that the buyer shall keep his credit good; and the seller is not bound to deliver the goods if the buyer be insolvent. The fact that the buyer has given a note for the price, payable at the expiration of the credit, does not vary the rule." Diem v. Koblitz, 49 Ohio St. 41, 29 N.E. 1124, 34 Am.St.Rep. 531.

Appellee contends that appellant did not refuse performance unless the consideration were paid in cash, and that its letter did not so state. We think the words, "we would not be at all justified in extending credit on the number of scales requested by you because of the number of judgments reported as remaining outstanding and unsatisfied," and "we hope you can see your way clear to handling this on a cash basis," made it clear that appellant refused to ship the scales unless the price was paid in cash. Moreover, the letter from appellee to appellant, under date of April 30th, must be construed as a refusal to pay cash. In it, appellee advised appellant that, if the scales were not shipped under the terms stipulated in the order, he would buy elsewhere and sue for the difference. Under the circumstances, appellant was fully justified in treating the contract as at an end and refunding the amount already paid.

Appellee contends that mere insolvency does not furnish grounds for rescission of a contract of sale on credit, and cites numerous cases in support of his contention. It is not necessary to review these authorities, inasmuch as a distinction must be drawn between rescission and a refusal to deliver except for cash. In the latter case, the contract is treated by the seller as still in force and as binding upon both buyer and seller. The right to demand cash is an incident to the contract and arises therefrom by operation of law. It has

no existence other than as such an incident; and, when the contract ceases to exist, the right falls with it. The right to rescind is paramount and extraneous to the contract, and, when validly existing and exercised, puts an end to the contract and all rights incident thereto. Such rights as the parties retain are those growing out of the rescission.

■■ It was not incumbent upon appellant to make a tender of the merchandise with its demand for cash. If appellee was insolvent, the right of the seller to demand cash was paramount to the buyer's right to receive the goods. The allegation of insolvency of the buyer presented the principal issue in the case, and this issue was for the jury to determine. Muehlstein & Co. v. Hickman, supra; Diem v. Koblitz, supra; Coleman v. New York, N. H. & H. R. Co., 215 Mass. 45, 102 N.E. 92, 7 A.L.R. 1366; Williston on Sales, 2d Ed., Sec. 880.

The foregoing conclusions render unnecessary a consideration of the other questions. The judgment of the district court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.