## LEOPOLD v. ROCK–OLA MFG. CORPORATION.

### No. 9192.

Circuit Court of Appeals, Fifth Circuit.

Jan. 30, 1940.

Sidney G. Roos, of New Orleans, La., for appellant.

John Harvey Thompson and Robert Harvey Thompson, both of Jackson, Miss., for appellee.

Before FOSTER, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

This is the second appeal of this case. A statement of the facts and applicable law will be found in the former opinion. Rock-Ola Manufacturing Corporation v. Leopold, 5 Cir., 98 F.2d 196, 117 A.L.R. 1101.

On the first trial the court refused to permit the defendant to introduce evidence tending to show the insolvency of the plaintiff, Joe Leopold. We reversed the case and held that if Leopold was insolvent the right of the seller to demand cash for the weighing machines was "paramount to the buyer's right to receive the goods." [98 F.2d 198, 117 A.L.R. 1101.] We further held that the allegation of insolvency of Leopold presented the principal issue in the case.

On the second trial Leopold by his own evidence admitted the very facts relied upon by Rock-Ola Manufacturing Corporation to establish his insolvency. After Leopold's down payment check for $1,500 had been returned marked "not sufficient funds", Rock-Ola made further investigation of his credit and found various unsatisfied judgments recorded against him. On the stand Leopold admitted that there were nine judgments outstanding against him at the time Rock-Ola requested a cash transaction. These judgments were for approximately $2,000.

When Rock-Ola Manufacturing Corporation entered into contract with Leopold it believed him to be solvent. The subsequent investigation disclosed facts from which Rock-Ola Manufacturing Corporation drew the reasonable inference of insolvency. Leopold sought to prove solvency by testimony that in April, 1937, he was worth in excess of $45,000. This can avail him nothing. When Rock-Ola wrote to him on April 21, 1937, it told him of the in-

vestigation and frankly advised him of its attitude and requested that he pay cash for the scales. Leopold made no effort to pay cash or to explain his apparent insolvency or to advise the seller of undisclosed assets of great value. He rescinded the contract and brought suit for damages.

By allowing numerous unsatisfied judgments to remain of record against him, Leopold permitted his affairs to become so involved that any reasonable business man would be justified in believing him to be insolvent. On these facts Rock-Ola Manufacturing Corporation had the right to demand cash for its goods. Diem v. Koblitz, 49 Ohio St. 41, 29 N.E. 1124, 34 Am.St.Rep. 531; Muehlstein & Co. v. Hickman, 8 Cir., 26 F.2d 40, 58 A.L.R. 1294; Hunter v. Talbot, 3 Smedes & M. 754, 11 Miss. 754.

The appellant's evidence failed to establish a basis for recovery of damages, and the court committed no error in instructing a verdict for the defendant.

The judgment is affirmed.