298 So.2d 437 (1974)
The CITY OF HALLANDALE, etc., et al., Appellants,
v.
STATE of Florida ex rel. SAGE CORPORATION, a Florida Corporation, Appellee.
No. 73-934.
District Court of Appeal of Florida, Fourth District.
August 9, 1974.
Charles A. Finkel, Hallandale, City Atty., for appellants.
Robert J. O'Toole, Fort Lauderdale, for appellee.
CROSS, Judge.
Appellants, City of Hallandale; R.A. Hedland, Jr., as Chief Building Inspector of the City of Hallandale; and the Hallandale City Commission, respondents in a mandamus proceeding below, appeal a summary final judgment in favor of appellee-petitioner, Sage Corporation. We reverse.
The Hallandale Planning and Zoning Board, at a public meeting held on October 27, 1971, officially recommended to appellant, Hallandale City Commission, that all city zoning ordinances be amended to prohibit residential construction in commercial zones. The City Commission concurred with the Board's recommendation, conducted a public hearing on the matter, and agreed to formulate an ordinance to implement the recommendation of the board. At a public meeting conducted on April 18, 1972, the Hallandale City Commission passed Ordinance Number 967 which prohibited residential construction in any district zoned commercial within the City of Hallandale.
On February 1, 1972 appellee, Sage Corporation, purchased certain property zoned commercial located in Hallandale for the *438 construction of a 142-unit residential complex. Sage Corporation then applied to the city for a permit to build a temporary model apartment and sales office on the property. The application came before the Hallandale City Commission at the April 18th meeting, shortly after Ordinance Number 967 was passed. The City Commission, citing Ordinance Number 967, unanimously denied the Sage Corporation's application for the building permit.
Sage Corporation filed a petition in the circuit court for a writ of mandamus to compel appellants, City of Hallandale; R.A. Hedland, Jr., as Chief Building Inspector of the City of Hallandale; and the Hallandale City Commission to issue the requested building permit. The circuit court issued an alternative writ of mandamus ordering the appellants to either issue the building permit to Sage Corporation or show cause by pleading why they (appellants) failed to do so.
The appellants then filed an answer setting forth the reasons for their refusal to issue the building permit and alleging the following five affirmative defenses:
"1. The petition fails to state a cause of action in that preliminary proceedings to obtain a building permit do not give any vested right to pursue a use in a zoned district. Mandamus will not issue to control discretionary acts.
"2. Relator (Sage Corporation) is estopped by his conduct from seeking the relief sought. According to the letters attached to the petition, the relator states that he purchased the property in February 1972. At that time, the relator knew, or should have known, that the process of the zoning change had already begun as the planning and zoning board had approved this change in October 1971.
"3. Relator has failed to exhaust his administrative remedies. More specifically, relator has failed to challenge the substance of the ordinance or ask for any relief from its provisions.
"4. Further answering Count IV and the Alternative Writ as a whole, respondents affirmatively state that the relator has absolutely no right to build upon said property in accordance with any plans for a residential structure which he may or may not have submitted to the City of Hallandale.
"5. Furthermore, relator does have an adequate remedy at law and should therefore be denied a Writ of Mandamus which, by its nature, is a harsh remedy and should only be used when no other adequate remedy exists. More specifically, the relator has never sought relief from the City from the effects of the ordinance. On the contrary, all the relator has done has been to demand a building permit claiming he has a right to it."
The affirmative defenses were never tested by a motion to strike.
Sage Corporation and the appellants each filed a motion for a summary judgment. The circuit court entered a summary final judgment in favor of Sage Corporation which provided for the issuance of a peremptory writ of mandamus ordering the appellants to issue a building permit to Sage Corporation for construction of the temporary model apartment and sales office and construction of a 142-unit residential complex. The peremptory writ of mandamus was duly issued. The appellants now seek review of the summary final judgment.
The primary question presented for our determination on this appeal is whether the trial court erred in granting Sage Corporation's motion for summary judgment.
It is well settled that the trial court may properly grant a party's motion for summary judgment only when there is no issue as to any material fact and when the movant is entitled to a judgment as a matter of law. If any reasonable view of the pleadings, affidavits, or depositions would justify or support a judgment favorable to the party moved against, the movant is *439 clearly not entitled to a summary judgment in his favor. It follows that when a defendant raises affirmative defenses in his answer, the plaintiff in moving for a summary judgment must conclusively refute all such affirmative defenses raised by the defendant before he will be entitled to a summary judgment. Pompano Paint Co. v. Pompano Beach Bank and Trust Company, 208 So.2d 152 (Fla.App. 1968); Jenkins v. Graham, 237 So.2d 330 (Fla.App. 1970).
In the instant case, Sage Corporation in moving for a summary judgment failed to conclusively refute the five affirmative defenses set forth in appellant's answer. Sage Corporation, therefore, did not demonstrate that no material issue of fact existed and was not entitled to a judgment as a matter of law.
Accordingly, the summary final judgment in favor of Sage Corporation is reversed and the cause remanded for further proceedings consistent with the views herein expressed.
Reversed and remanded.
OWEN, C.J., and TROWBRIDGE, C. PFEIFFER, Associate Judge, concur.