CHARLES CARROLL (Ret.), Associate Judge.
The appellee bank filed an action against the appellants Don Mancino and Carmen Mancino, his wife, on separate written guaranty agreements made by them relating to a loan to another party. This appeal by the defendants is from a summary judgment granted against them for the amount of the unpaid loan, plus certain sums for interest and attorneys’ fees.
The appellee has conceded that the judgment against Carmen Mancino is not valid, because she was not served with process and did not appear in defense of the action.
The defendant Don Mancino filed an answer and counterclaim. The answer set up certain affirmative defenses. The plaintiff filed a motion to strike the affirmative defenses. No hearing was had or ruling made thereon.
The plaintiff moved for summary judgment. In support thereof, in addition to evidentiary matter to support the complaint, there was filed an affidavit of plaintiff’s attorney to which were attached certain pleadings and the judgment in a prior action which had been maintained by the plaintiff against the borrower. They revealed certain affirmative defenses which were pleaded by the borrower in that case, and rejected by the court. On examination thereof we hold, as contended by the appellant Don Mancino, that the ev-identiary matter submitted by the plaintiff was insufficient to dispel the issues raised by his affirmative defenses. First, the answer of the guarantor Don Mancino presented some affirmative defenses which were applicable to him as guarantor, relating to averred fraud in the inducement of the guaranty instrument, fraud in the execution thereof and lack of consideration for the guaranty. Second, although Don Mancino was named as a defendant in the prior action, he was not served with process and did not appear therein. Therefore, Don Mancino who was not a party to the prior action would not have been bound by rulings in the prior action, either as res ju-dicata or by estoppel by judgment.
It is well settled that the burden on a plaintiff moving for summary judgment to show there is no genuine issue as to any material fact (Rule 1.510(c), F.R.C.P.) is not carried when the plaintiff fails to present evidentiary matter sufficient to dispel the issues submitted by a defendant’s pleaded affirmative defenses. Emile v. First National Bank of Miami, Fla.App. 1961, 126 So.2d 305; Harrison v. McCourtney, Fla.App. 1963, 148 So.2d 53, 56; Underwriters Insurance Company v. Sisung, Fla.App. 1965, 174 So.2d 461; Pompano Paint Co. v. Pompano Beach Bank and Trust Company, Fla.App. 1968, 208 So. 2d 152, 153; Jenkins v. Graham, Fla.App. 1970, 237 So.2d 330, 332; City of Hallandale v. State ex rel. Sage Corporation, Fla.App.1974, 298 So.2d 437,439.
The summary judgment against the appellant-defendant Carmen Mancino is reversed.
The summary judgment against Don Mancino also is reversed and the cause remanded for further proceedings.