314 So.2d 10 (1975)
Charles A. STEWART, Appellant,
v.
Jane Meredith Howle GORE and Betinna Kluepfel Shackleford, Co-Executrices of the Estate of Geo. Talman Wisner, a/K/a George Talman Wisner, Deceased, Appellees.
No. 74-1069.
District Court of Appeal of Florida, Second District.
June 11, 1975.
*11 Ronald A. Cyril and Charles D. Bailey, Jr., Nelson, Stinnett, Surfus, Payne, Hesse & Cyril, Sarasota, for appellant.
L. Norman Vaughan-Birch, Kirk, Pinkerton, Sparrow, McClelland & Savary, Sarasota, for appellees.
SCHEB, Judge.
Appellant/defendant appeals from entry of a summary judgment in favor of appellees/plaintiffs in an action on a promissory note wherein appellant pled affirmative defenses.
Appellees moved for the summary judgment but failed to either disprove or establish the legal insufficiency of appellant's affirmative defenses and therefore were not entitled to a judgment as a matter of law. We reverse.
Appellees, as personal representatives, sued appellant on a promissory note. Appellant answered with a general denial incorporating affirmative defenses that the note was paid in full by one Kent McKinley and that appellees' decedent received a secured interest by virtue of a chattel mortgage in exchange for cancellation of the debt.
Appellees directed interrogatories to appellant seeking details of his affirmative defense. Before he answered, appellees moved for a summary judgment based upon the pleadings and their attached affidavits. In their affidavits, each affiant stated that one of decedent's assets was a $8,200.00 promissory note made by appellant and that affiant's search of the personal effects and records of the decedent did not reveal any evidence indicating the satisfaction or payment of the note. In reply to the interrogatories and by his opposing affidavit, appellant stated that although he could not give details, due to unavailability of the records, the transaction whereby the note was discharged involved the decedent taking a share of a chattel mortgage on the physical assets of radio station WSAF; that the Palmer Bank could provide records since their trust department handled the transaction. Appellant also named other individuals alleged to be knowledgeable concerning the transaction.
The trial court "having reviewed the pleadings" granted appellees' motion for summary judgment and ordered they recover $8,200.00 principal, $4,612.18 for interest from December 2, 1964, to April 18, 1974, costs, and $100.00 for attorneys fees.
*12 Since the appellant asserted affirmative defenses, for appellees to obtain a summary judgment it was incumbent upon them to establish the non-existence of any genuine issue of any material fact by either disproving or establishing the legal insufficiency of the appellant's affirmative defenses. Holl v. Talcott, Fla. 1965, 191 So.2d 40; Harrison v. McCourtney, Fla.App.2d 1962, 148 So.2d 53; City of Hallandale v. State ex rel. Sage Corp., Fla.App. 4th 1974, 298 So.2d 437; Trawick, Fla.Practice & Procedure, § 25-6. The affidavits filed by appellees merely stated the decedent's records did not reveal payment of the note but did not negate the occurrence or effect of the transaction alleged in appellant's defenses; hence summary judgment was improper.
While the record does not reveal the proceedings on the hearing on appellees' motion, counsel have indicated the trial court declined to consider appellant's answers to interrogatories and affidavit. The trial court presumably reasoned that Fla. Stat. § 90.05 (Dead Man's Statute) barred any testimony by appellant as to transactions with appellees' decedent. From this we glean the trial court may therefore have considered the appellant's defenses legally insufficient or perhaps incapable of proof. Even assuming, arguendo, that appellant is barred from giving testimony, he may be able to establish his defense by non-interested witnesses or there may be a waiver by the appellees of the protection afforded by the statute. Cf. Windle v. Sebold, Fla.App. 4th 1970, 241 So.2d 165, holding it was error to strike affirmative defenses because the defendant may be barred at trial from proving them by the Dead Man's Statute.
Accordingly entry of the summary judgment is reversed and the cause remanded for further proceedings.
BOARDMAN, Acting C.J., and GRIMES, J., concur.