PER CURIAM.
The City of Coral Gables appeals from a summary judgment allowing E. F. P. Brigham to keep a tool shed on his residential property, which had been prohibited by the City. Brigham cross-appeals because the trial judge did not declare two sections of the Zoning Code of the City to be unconstitutional, as he had requested. From the record, it appears that Brigham had had a tool shed in the backyard of his single family home for twenty years. He saw a Sears Roebuck advertisement for a 9/ x 9' x 6' “All Aluminum Metro Approved Lawn Building”; he purchased and installed it as a replacement for his original shed. The City sent a “Notice of Violation” for “maintaining a shed which is prohibited * * * Requirements for Correction: REMOVE”. By letter, Brigham requested a permit from ' the Building Department and enclosed a check. The City returned the check, reiterated that the shed was “prohibited”, and demanded its removal within five days. Brigham appealed to the Zoning Board and the City Commission, but found no relief. He sued in circuit court and won a summary judgment permitting him “to have and maintain his small utility shed or tool house on his property as an accessory use under the Zoning Code of the City of Coral Gables”. Brigham had also sought to have § 11.07 [requiring building permits] and § 11.03 [requiring approval of a Board of Architects] of the Code declared unconstitutional. The trial judge did not do so. The City appealed and Brigham cross-appealed.
The appellant contends the trial judge erred in entering a summary final judgment allowing Brigham to have and maintain a utility shed as an accessory use under the City Zoning Code. We reverse.
It is an issue of material fact as to whether the tool shed was an “accessory use”. This was material to a determination of whether or not the property owner would be required to get a permit, and if he was required to get a permit then it would be material for the trial court to determine if the structure he proposed to maintain met the building code requirements of the municipality. Wisner v. Goodyear Tire & Rubber Co., Fla.App. 1964, 167 So.2d 254; City of Pinellas Park v. Cross-State Utilities Co., Fla.App.1965, *617 176 So.2d 384; Herold v. Computer Components International, Inc., Fla.App.1971, 252 So.2d 576; City of Hallandale v. State ex rel. Sage Corporation, Fla.App.1974, 298 So.2d 437.
Neither counsel favored the trial court with the benefit of the entire Zoning-Code of the City of Coral Gables and, therefore, we do not have an opportunity to examine it. We do not, by this opinion, touch upon the alleged invalidity of the several sections of the zoning ordinance for constitutional infirmities, as urged by the appellee on his cross-appeal. This is something that first must be determined by the trial court in the event he should find that the property owner is required to comply with the Zoning Code in order to maintain his tool shed.
We return the matter to the trial court for a trial on the issue of whether or not the improvement sought to be maintained by the property owner is, in fact, an “accessory use”, and if so is the property owner entitled to maintain it on his premises.
Reversed and remanded, with directions.