MOORE, Judge.
This is an appeal from a summary final judgment finding appellant liable on a promissory note. We find that a genuine issue of material fact existed precluding the granting of summary judgment and reverse.
The pertinent facts are that the appellee was the holder of five promissory notes totalling $450,000. In accepting appellant’s note for $150,000 appellee released two of the original makers who had each executed notes in the amount of $75,000. The collateral which secured the original $450,000 was sold at private sale leaving a deficiency of $64,916.10 on appellant’s note. Appellee bank then sued appellant on his obligation. In his answer appellant raised three affirmative defenses: failure of consideration, lack of consideration, and that he was induced to execute the note by the appellee’s agreement to fully collateralize the note by assigning shares of stock then held by ap-pellee to the note, which assignment appel-lee failed to execute.
Relying upon Section 673.408, Florida Statutes (1975),[1] the trial court found, as a matter of law, that appellant executed and delivered the promissory note as security for an antecedent obligation and with or without consideration the obligation was enforceable.
The operative words in this statute as applied to the facts herein are, “. given in payment of or as security for an antecedent obligation . . . ”. Was appellant’s note executed and delivered in payment of or as security for an antecedent obligation? We think the pleadings and the record adequately raise a genuine issue of material fact which must be resolved before this question can be answered. The answer, depending upon its nature, may then be determinative of the other issues raised by appellant.
In this confusing and somewhat complex financial transaction the purpose of appellant’s undertaking of the $150,000 obligation is not entirely clear. In his affidavit he states that he was contacted by someone “relative to participating in a stock transaction pertaining to stock of the First National Bank of Attalla.” He was informed that said stock was held by appellee as collateral on a previous loan made to several individuals whom he did not know. Nevertheless, he states that appellee assured him his note would be fully collateralized by said stock. In his deposition appellant states that he was never advised that he would be a “substitute for somebody else” and that his purpose in signing the note was “to receive some of this stock.” Whether or not it was the intention of the parties that appellant’s note was “given in payment of or as security for an antecedent obligation” is a disputed question of material fact precluding summary judgment.
The entry of summary final judgment must be reversed.
REVERSED and REMANDED.
DAUKSCH, J. and COWART, JOE, Associate Judge, concur.

. § 673.408, Fla.Stat. (1975):
“Want or failure of consideration is a defense as against any person not having the rights of a holder in due course (S. 673.305), except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind. Nothing in this section shall be taken to displace any statute outside this code under which a promise is enforceable notwithstanding lack of failure of consideration. Partial failure or consideration is a defense pro tanto whether or not the failure is in an ascertained or liquidated amount.”