375 So.2d 20 (1979)
GENERAL DEVELOPMENT UTILITIES, INC., Appellant,
v.
Guy O. DAVIS, Appellee.
No. 79-251.
District Court of Appeal of Florida, Second District.
August 31, 1979.
*21 William C. Strode and Wayne C. Hall of Strode, Hereford & Taylor, Sarasota, for appellant.
Charles J. Cheves of Cheves & Rapkin, Venice, for appellee.
SCHEB, Judge.
Appellant, General Development Utilities, Inc., challenges the trial court's entry of a partial summary judgment determining liability in a class action brought by Guy O. Davis on behalf of General Development's customers in the City of North Port. We have jurisdiction. Fla.R.App.P. 9.130(a)(3)(C)(iv). We hold that there was a genuine issue of material fact concerning General Development's affirmative defenses and that, therefore, the court erred in granting summary judgment. We reverse.
In 1961 the City of North Port granted General Development an exclusive thirty-year water and sewer franchise. The franchise authorizes General Development to provide these services to customers within the city limits for charges approved by the City Commission. In March 1974, the Commission granted General Development a rate increase effective April 1974. The increase was granted by the Commission on motion of Commissioner Abraham Verman who also served as the City's Commissioner of Public Safety. In approving the increase, the Commission imposed conditions which had been proposed by Verman that General Development, within six months of the increase, install a fire hydrant within 500 feet of every dwelling, and provide adequate water pressure to Holiday Park, a section of North Port. Commissioner Verman, whose duties as Commissioner of Public Safety included supervision of the fire department, subsequently ordered placement of the hydrants. In doing so he did not order one placed within 500 feet of every dwelling in undeveloped portions of the City or within 500 feet of dwellings close to canals.
In November 1977, Davis filed his class action against General Development. The thrust of the suit was that General Development had failed to install hydrants within 500 feet of every dwelling within the time set by the Commission and that, therefore, the utility rate should have been automatically "rolled back" to its pre-March 1974 level and that its customers were entitled to a refund of all amounts collected pursuant to the increase. No contention was made that General Development had failed to provide adequate water pressure to Holiday Park.
General Development filed an answer denying that it had failed to comply with the condition concerning fire hydrants. It also asserted affirmative defenses which included contentions that the Commission had waived the strict requirements for location *22 of the hydrants, and that Davis' claim was barred by laches and estoppel.
Motions for summary judgment were filed by both Davis and General Development. On the basis of the pleadings, affidavits and depositions, the trial court found "that General Development did not comply with the fire hydrant condition ... [and] that the governing body of the City of North Port had no authority to waive compliance with its ordinance other than by formal adoption of another ordinance." The court then declared the rate increase void and ordered General Development to reinstate the rate effective prior to the increase and to account to its customers for funds collected pursuant to the increase. After the trial court denied General Development's motion for rehearing, this interlocutory appeal ensued.
In granting a partial summary judgment the trial court effectively resolved all issues of the litigation. We think this was error because there were genuine issues of material fact concerning General Development's affirmative defenses.
At the outset we note that both Davis and General Development moved for summary judgment. Each claimed that no genuine issue of material fact existed. From this alone, however, it does not follow that no such issue existed or that the trial court was obligated to enter a judgment for one party or the other. Shaffran v. Holness, 93 So.2d 94 (Fla. 1957); First Mortgage Corp. v. deGive, 177 So.2d 741 (Fla.2d DCA 1965). For example, when General Development moved for summary judgment, it was contending that no genuine issue of material fact existed as to Davis' contentions but not as to its affirmative defenses.
Margaret M. Gentle, who served as mayor of North Port on March 18, 1974, when the rate increase was approved and for the following six months, testified by deposition that it was the Commission's intention that Commissioner Verman was to act as liaison between the City of North Port and General Development in seeing that the hydrants were installed in accordance with the 500 feet condition. Commissioner Verman confirmed Mayor Gentle's account of his responsibility and testified by deposition that General Development was to place the hydrants as he directed. Finally, the minutes of the March 18, 1974, meeting indicate that the Commission directed the fire chief to work with the utility in correct placement of the hydrants.
Commissioner Verman, who as Commissioner of Public Safety was responsible for the fire department, ordered placement of hydrants but not in strict compliance with the condition requiring hydrants within 500 feet of every dwelling. Even so, both he and Mayor Gentle indicated by affidavit and by deposition that General Development had complied with the condition to the satisfaction of the City Commission.
It seems clear that the Commission intended for Commissioner Verman to play an active role in implementing the conditions it had imposed on General Development. In view of this, we think the trial judge erred in basing his decision to enter summary judgment on his conclusion that the City Commission "had no authority to waive compliance with its ordinance other than by formal adoption of another ordinance." (Emphasis added.) While it is true that a municipal ordinance cannot be amended by a resolution or motion, the Commission here approved the rate increase and imposed the conditions not by ordinance but by motion. Certainly there could be instances where the defenses of waiver, estoppel and laches could be raised against municipal action manifested by motion or resolution.
The trial judge's decision precluded his reaching General Development's affirmative defenses. For example, the utility's defense of waiver presents the question of whether the Commission authorized or ratified Commissioner Verman's actions and thereby accepted General Development's performance as satisfactory compliance thus waiving literal compliance with the distance condition. The utility also raised defenses of laches and estoppel which the trial court did not reach because of its ruling. *23 Since General Development asserted affirmative defenses, it was incumbent upon Davis, seeking summary judgment, to establish the nonexistence of any genuine issue of material fact by factually disproving such defenses. Stewart v. Gore, 314 So.2d 10 (Fla.2d DCA 1975). Because Davis did not contradict or deny the affirmative defenses by affidavit, he was not entitled to summary judgment. Johnson & Kirby, Inc. v. Citizens National Bank, 338 So.2d 905 (Fla.3d DCA 1976).
Accordingly, we vacate the summary judgment and remand for further proceedings consistent with this opinion.
GRIMES, C.J., and BOARDMAN, J., concur.