376 So.2d 1218 (1979)
CITY of MIAMI BEACH, Appellant,
v.
Joel SUSSMAN, As Trustee, d/b/a Cadillac Hotel, Appellee.
No. 79-925.
District Court of Appeal of Florida, Third District.
November 20, 1979.
Robert L. Shevin, City Atty., and Beth Ellen Spiegel, Asst. City Atty., for appellant.
Sibley, Giblin, Levenson & Glaser and Allan M. Glaser, Miami Beach, for appellee.
Before HAVERFIELD, C.J., and HENDRY and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The City of Miami Beach seeks review of a final judgment entered against it after a non-jury trial. The court below held that a structure owned by the appellee was presently a "hotel" rather than an "apartment building", within the meaning of the city's zoning ordinance, so as to permit the continuation of "hotel" accessory uses as authorized by the code.
The record shows that in 1976-1977, new owners of the Cadillac Hotel, which had been built in 1940, effected an extensive renovation and alterations to the building and its rooms. As a result, the structure now possesses characteristics both of a "hotel" and of an "apartment house" as *1219 those terms are defined and described in the ordinance. Under these circumstances, the question of which definition was applicable to the building in question was one of fact properly to be determined by the trial judge. See Langbein v. Board of Zoning Appeals, 135 Conn. 575, 67 A.2d 5, 7 (1949); see also, Moyer v. Board of Zoning Appeals, 233 A.2d 311, 318 (Me. 1967); cf. City of Miami Beach v. Mr. Samuel's Inc., 351 So.2d 719 (Fla. 1977); City of Miami Beach v. Royal Castle System, Inc., 126 So.2d 595 (Fla. 3d DCA 1961). Since we find substantial evidence in the record to support the lower court's resolution of that issue, we of course may not disturb it on appeal. Strawgate v. Turner, 339 So.2d 1112 (Fla. 1976); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); see City of Miami Beach v. Arthree, Inc., 269 So.2d 699, 703 (Fla. 3d DCA 1972), cert. denied, 276 So.2d 166 (Fla. 1973); Annots., 64 A.L.R.2d 1167 (1959); 28 A.L.R.3d 1240 (1969).
Affirmed.