390 So.2d 126 (1980)
Norman E. BUNNER and Sarah Lou Bunner, Appellants,
v.
FLORIDA COAST BANK OF CORAL SPRINGS, N.A., Successor by Merger to Florida Coast Bank of Margate, Appellee.
No. 79-2106.
District Court of Appeal of Florida, Fourth District.
November 12, 1980.
Stuart L. Stein, Fort Lauderdale, for appellants.
Alan W. Kaback, Coral Springs, for appellee.
HURLEY, Judge.
This appeal questions the propriety of a summary final judgment entered on behalf of the appellee/bank. We reverse.
At the root of this case is the purchase of a new automobile by the appellants, Mr. and Mrs. Bunner. From the outset they experienced mechanical difficulties which necessitated repeated and numerous repair calls. When these efforts to correct the problem failed, the Bunners instituted a breach of warranty action against the manufacturer, the dealer, and the appellee/bank which holds the "Security Agreement-Retail Instalment Contract" on the car. This agreement, attached as an exhibit to the *127 Bunners' complaint, contains the following bold print which is the basis for their suit against the bank:
NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.
The bank responded by filing a counterclaim which alleged that the Bunners had defaulted on their payments, thus making the full balance due and payable. The Bunners answered, and by reference to their complaint, asserted the affirmative defense of breach of warranty. Next, the bank moved for summary judgment and filed affidavits directed solely to the amount of the Bunners' indebtedness. The trial court granted summary judgment for the bank and this appeal ensued.
In order for a plaintiff, or in this case, a counterclaimant, to obtain a summary judgment when the defendant asserts affirmative defenses, the plaintiff must either disprove those defenses by evidence or establish the legal insufficiency of the defenses. Howdeshell v. First National Bank of Clearwater, 369 So.2d 432 (Fla.2d DCA 1979); First Mortgage Investors v. Boulevard National Bank of Miami, 327 So.2d 830 (Fla.3d DCA 1976); Mancino v. National Industrial Bank of Miami, 312 So.2d 211 (Fla.3d DCA 1975); City of Hallendale v. State ex rel. Sage Corp., 298 So.2d 437 (Fla.4th DCA 1974). In the case at bar, appellee/bank denied the Bunners' affirmative defense but thereafter ignored the issue. The motion for summary judgment and affidavits filed in support thereof admit the existence of the contractual clause subjecting the bank to all claims and defenses which the Bunners' could assert against the seller, but are silent on the asserted defense of breach of warranty. Thus, we hold as a matter of law, that the bank failed to meet its burden of establishing its entitlement to summary judgment. Accordingly, the summary final judgment entered herein is reversed and the cause is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
LETTS, C.J., and HERSEY, J., concur.