PER CURIAM.
After careful review of the record in this cause, we have concluded that the summary final judgment entered on behalf of the plaintiff/appellee must be reversed. The plaintiff failed to nullify all of the defendant’s affirmative defenses and, consequently, it was error to grant summary judgment. In Bunner v. Florida Coast Bank, 390 So.2d 126, 127 (Fla. 4th DCA 1980), we recapitulated the general rule that “to obtain a summary judgment when the defendant asserts affirmative defenses, the plaintiff must either disprove those defenses by evidence or establish the legal insufficiency of the defenses.” Here, defendant asserted affirmative defenses in which it alleged that the insurance policy was fraudulently secured and that upon discovery of the fraud it properly cancelled the contract and notified the insured. Further, defendant affirmatively alleged that the plaintiff colluded with two of defendant’s agents to obtain insurance through a fraudulent scheme. In our view, plaintiff failed to negate these defenses. Thus, the order granting summary final judgment and a subsequent final judgment which awarded attorney’s fees must be reversed.
Since the cause must be remanded for additional proceedings, we believe that the interests of justice will be best served by allowing the parties to amend their pleadings. Appellant/defendant has argued that the plaintiff’s failure to pay cash for the insurance policy as required by Section 627.4035, Florida Statutes (1979), constitutes an absolute bar to recovery. Although this contention may be implicit in the pleadings as they are presently drawn, it ought to- be asserted expressly as an affirmative defense if the defendant intends to continue to rely upon it. This, in turn, would permit the plaintiff to file an appropriate responsive pleading and, thus, properly frame the issues.
Accordingly, the final summary judgment and the final judgment on attorney’s fees are reversed and the cause is remanded for further proceedings consistent with this opinion.
ANSTEAD and HURLEY, JJ., and WARREN, LAMAR, Associate Judges, concur.