417 So.2d 1145 (1982)
Richard J. CHARRON and Geraldine S. Charron, Appellants,
v.
COACHMEN INDUSTRIES, INC., Appellee.
No. 81-1514.
District Court of Appeal of Florida, Fifth District.
August 11, 1982.
H. Vernon Davids, Winter Garden, for appellants.
Carol E. Donahue of Baker & Hostetler, Orlando, for appellee.
*1146 FRANK D. UPCHURCH, Jr., Judge.
The Charrons appeal from a summary final judgment in favor of Coachmen Industries in a suit on a promissory note executed by the Charrons. The Charrons contend that Coachmen failed to refute two affirmative defenses raised by them and hence the entry of summary judgment was improper. We agree and reverse.
Coachmen filed suit against the Charrons seeking to recover on two promissory notes. Count I involved a note to a bank which was later assigned to Coachmen. Summary judgment in favor of Coachmen has not been appealed.
Count II involved a note to Coachmen executed on the date that Charron's employment with Camper's World of Orlando, Inc. was terminated. Charron and Coachmen were the only shareholders of Camper's World. Coachmen had originally hired Charron to be president and general manager of Camper's World. Coachmen claimed that the note was executed by the Charrons to reflect a salary advance that Charron had taken while employed by Camper's World.
As an affirmative defense, the Charrons claimed that the note was not supported by consideration. Coachmen contends that Charron's own admission that he had not repaid the salary advance conclusively refutes this defense. If the note had been to Camper's World, we would agree with Coachmen's contention. However, the note was to Coachmen, to whom Charron claimed that he was not indebted.
Coachmen, however, points out that on the date the note was executed, Coachmen had purchased Charron's interest in Camper's World and had become the sole stockholder in Camper's World.
Contrary to Coachmen's implication, the fact that Coachmen was the sole shareholder on the date that the note was executed would not conclusively establish the necessary consideration. Generally the board of directors represents the corporation and conducts its business while stockholders are without power to represent the corporation unless power is delegated to them or their acts are ratified by the corporation. Mease v. Warm Mineral Springs, Inc., 128 So.2d 174 (Fla. 2d DCA 1961). Here there is no evidence that Coachmen, a stockholder, was authorized by Camper's World to receive such a note or that this act had been ratified by the corporation. In addition, the termination agreement did not refer to the note or to the advance, nor did the note itself contain any reference to the advance. In these circumstances, Coachmen has not conclusively refuted the affirmative defense that there was a lack of consideration for the note to Coachmen.
In addition, the second affirmative defense was not conclusively refuted by Coachmen. As a separate defense, the Charrons had alleged that the sole consideration for the execution of the note was Coachmen's agreement to pay their debt to Camper's World. The Charrons further alleged that Coachmen has failed to pay this debt. There is no evidence in the record that a debt of the Charrons has been paid by Coachmen or forgiven by Camper's World.
As Coachmen failed to establish the legal insufficiency or conclusively refute the two affirmative defenses asserted by the Charrons, the entry of summary judgment was error. Bunner v. Florida Coast Bank of Coral Springs, 390 So.2d 126 (Fla. 4th DCA 1980); Howdeshell v. First Nat. Bank of Clearwater, 369 So.2d 432 (Fla. 2d DCA 1979). We therefore REVERSE and REMAND for a trial on these issues.
ORFINGER, C.J., and COBB, J., concur.