DAUKSCH, Judge.
This is an appeal from a summary judgment in an insurance coverage case. Appel-lees were sued for a slip and fall injury sustained on their premises. They sought insurance coverage for the claim and discovered that their Owner, Landlord and Tenant Liability Policy had expired four months earlier. They filed a third party complaint against the appellant, a general lines insurance agency, for negligent breach of an alleged agreement to continue to provide liability coverage. It was alleged the agency was negligent in failing to forward a renewal certificate received from the insurer and in failing to notify the appellees of the expiration of the policy.
The appellant denied any agreement to provide continuing coverage and denied any negligence on its part. The agency raised the affirmative defense of the negligence of the appellees for their own failure to obtain renewal of coverage when the existing policy had expired. Both parties filed motions for summary judgment and the court entered a Summary Final Judgment on the third party complaint in favor of the appel-lees ordering the appellant to assume the defense of the appellees.
The appellant contends that the trial court erred in granting Summary Judgment. We agree. There appears to be some factual support, at the least an inference, for the allegation that the agency was negligent in failing to comply with the alleged agreement. Of course, this will be a contested point, and comparative negligence may apply. There was some dispute as to whether an agreement to continue to provide coverage existed, and even if there had been no dispute, because conflicting reasonable inferences could be drawn from the admitted facts, the question of negligence was peculiarly one of fact. See Daniels v. Weiss, 385 So.2d 661 (Fla. 3d DCA 1980). Furthermore, due to the appellant’s affirmative defense of comparative negligence, it was incumbent upon the appellees (having sought summary judgment) to establish the non-existence of any genuine issue of material fact. See General Development Utilities, Inc. v. Davis, 375 So.2d 20 (Fla. 2d DCA 1979). In order “to obtain a summary judgment when the defendant asserts affirmative defenses, the plaintiff must either disprove those defenses by evidence or establish the legal insufficiency of the defenses.” Bunner v. Florida Coast Bank of Coral Springs, 390 So.2d 126, 127 (Fla. 4th DCA 1980). The appellees did not establish that there was no genuine issue as to their own negligence.
Although the facts demonstrate that there was a custom of sending notice to the insureds, that does not lead to the conclu *370 sion that as a matter of law that the agency had a legal duty to notify the insureds. Of course at trial it may be proved that the insurance company or the agency, or both, had the duty but this should not be decided by Summary Judgment. There is case law which holds that “when an insurer uniformly follows the practice of giving notice of payment for such a length of time as leads those insured to believe notice will be given, it cannot declare a forfeiture without giving notice or without previously advising the persons who have relied upon receiving notice that the custom will be or has been discontinued.” Federal Crop Insurance Corporation v. Deerfield Groves Company, 195 So.2d 625, 629 (Fla. 4th DCA 1967).
The Summary Final Judgment in favor of the appellees is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.
COBB, J., concurs.
ORFINGER, C. J., concurs specially with opinion.