PER CURIAM.
The summary final judgment (order granting summary judgment for partition) appealed from must be reversed on several grounds. No attempt was made (at least none is evident in the record) to factually challenge affirmative defenses raised by appellants/defendants’ pleadings nor to show that they were somehow legally insufficient. Howdeshell v. First National Bank of Clearwater, 369 So.2d 432 (Fla.2d DCA 1979). Where any doubt exists as to whether or not there is a genuine issue of material fact, the movant for summary judgment may not prevail. Snyder v. Cheezem Development Corp., 373 So.2d 719 (Fla.2d DCA 1979).
In addition, appellants, through new counsel, moved to amend the answer and affirmative defenses in advance of the hearing on the motion for summary judgment. The trial court, by entering the summary final judgment without ruling expressly on the motion to amend, in essence and in effect denied the motion. “It is clearly an abuse of discretion to refuse leave to amend except under very limited circumstances.” Reid v. Reid, 396 So.2d 818 (Fla. 4th DCA 1981). It was an abuse of discretion here.
Accordingly, we reverse and remand with instructions that appellants be granted leave to amend the responsive pleading and for further appropriate proceedings.
ANSTEAD, HERSEY and WALDEN, JJ., concur.