467 So.2d 1088 (1985)
Virginia B. ZALARICK, d/b/a Return to Eden Gardens and Keys Swimming Pools, Appellant,
v.
MONROE COUNTY, Florida, a Political Subdivision of the State of Florida, Appellee.
No. 84-1505.
District Court of Appeal of Florida, Third District.
April 30, 1985.
Frigola, DeVane & Wright and Alfred K. Frigola, Marathon, for appellant.
Lucien C. Proby, Jr., County Atty. and Susan Vernon, Asst. County Atty., for appellee.
Before SCHWARTZ, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
Prior to 1974, when the area was zoned RU-1 (single family residential) by Monroe County's first zoning ordinance, the appellant maintained her home and a retail nursery business, which was "grandfathered" as a non-conforming use, on a lot on 74th Street in Marathon. In 1977, she applied for and was granted a building permit from the county to erect two greenhouses and a cyclone fence on an adjacent lot which fronted on 75th Street. After a "shadehouse" was constructed under the permit at a cost of approximately $2,000.00, Mrs. Zalarick raised nursery products there which were sold at the 74th Street location. No residence has ever been erected on the 75th Street lot which has for the most part remained vacant. In this appeal, Mrs. Zalarick seeks review of a final judgment declaring improper the existing commercial use of the 75th Street lot and enjoining her *1089 from using the parcel for nursery purposes. We affirm.
It is plain, as the lower court held, that the 75th Street nursery cannot be sustained as a permissible use in an RU-1 District under the then-existing Monroe County Code. The appellant's only argument to the contrary is that it falls within the following permitted "accessory use:"
(2) Greenhouses and growing of plants and horticultural specialties, provided no retail sales are made on the premises.
This contention is wholly unsupportable. By definition, an accessory use is one which is incidental or subordinate to the principal use of a parcel permitted by the zoning law. See City of Coral Gables v. Brigham, 321 So.2d 615 (Fla. 3d DCA 1975), cert. denied, 336 So.2d 1180 (Fla. 1976); 7 Fla.Jur.2d Building, Zoning, and Land Controls § 130 (1978); 3 R. Anderson, American Law of Zoning 2d § 16.11 (1977); 2 Rathkopf, The Law of Zoning and Planning § 23.01 (4th ed. 1985); 2 E. Yokley, Zoning Law and Practice § 8-2 (4th ed. 1978). In this instance, the "accessory" plant-growing is obviously for the enjoyment of those who live in the single-family residence which is the only permitted principal use of lots in the zone. Just as clearly, the instant commercial operation does not qualify under this definition. There is no residence at all on the 75th Street lot it occupies; and it serves only the business, and not the residence at the 74th Street address. Hence, we approve the conclusion below that an illegal use of the 75th Street parcel was established. See City of Miami Beach v. Sussman, 376 So.2d 1218 (Fla. 3d DCA 1979).
We also agree with the trial court's rejection of the claim that, by virtue of its issuance of the building permit and the appellant's consequent expenditures, Monroe County became "equitably estopped" from asserting its present position. See Sakolsky v. City of Coral Gables, 151 So.2d 433 (Fla. 1963); Project Home, Inc. v. Town of Astatula, 373 So.2d 710 (Fla. 2d DCA 1979); see generally Jaslow, Understanding the Doctrine of Equitable Estoppel in Florida, 38 U.Miami L.Rev. 187 (1984). First, there was nothing in the events which led to the issuance of the permit or in the permit itself which indicates that the county was on notice that the greenhouses it was authorizing were not permissibly to be employed as ancillary to the residence on 74th Street  which the appellant concedes would have been lawful[1]  rather than im permissibly (as in fact occurred) in connection with the commercial business on those premises.[2] Since the county was entitled to rely on the thusunrebutted presumption of lawful conduct, and did not therefore knowingly permit Mrs. Zalarick to use her permit in a forbidden manner, it may not be estopped from asserting that position thereafter. There is, in other words, nothing inconsistent between the permit and the present lawsuit to which an asserted estoppel could attach. See Godson v. Town of Surfside, 150 Fla. 614, 8 So.2d 497 (1942); City of Miami Beach v. 8701 Collins Ave., 77 So.2d 428 (Fla. 1954); Jefferson National Bank of Sunny Isles v. Metropolitan Dade County, 271 So.2d 207 (Fla. 3d DCA 1972), cert. denied, 277 So.2d 536 (Fla. 1973); Jaslow, 38 U.Miami L.Rev. at 199. Looking at the issue still another way, from the landowner's view, since she did not tell the county what she proposed to do with the property, she cannot object  in fact, she is herself "estopped" from doing so  to its complaining when it found her out. City of Miami Beach v. 8701 Collins Ave., supra; *1090 City of Coral Gables v. Puiggros, 376 So.2d 281, 284 (Fla. 3d DCA 1979).
Finally, the trial court found, contrary to what he concluded were the appellant's exaggerated claims of extensive expenditures, that the sums actually spent for improvements at 75th Street were in fact almost trivial.[3] This conclusion itself justifies the conclusion that there was no equitable estoppel. An essential element of the doctrine is that the property owner
has made such a substantial change in position or has incurred such extensive obligations and expenses that it would be highly inequitable and unjust to destroy the right he acquired.
Hollywood Beach Hotel Co. v. City of Hollywood, 329 So.2d 10, 15-16 (Fla. 1976) quoting City of Hollywood v. Hollywood Beach Hotel Co., 283 So.2d 867, 869 (Fla. 4th DCA 1973). The trial judge correctly found that no such inequity arose.
Affirmed.
NOTES
[1] We therefore do not pass directly on the issue ourselves.
[2] The valuation of the proposed improvements indicated in the permit was $2,700.00 which hardly indicates that a rival to the greenhouses at Versailles was contemplated. And while counsel has argued that the application for the permit indicated so extensive a project that the county "must have known" that no mere private use was involved, the record does not bear out that contention.
[3] On this issue, the final judgment provides: The court rejects the defense of "equitable estoppel" and finds that the record shows that the alleged investment made by the Defendant on Lot 3, Block 2 of Paraiso Estates is not at all in accord with the actual improvement. Upon observation by the Court, it is obvious that the investment as was testified to by Mr. Zalarick does not comport with the physical structures located thereon and that there was no detrimental change of circumstance by Plaintiff to warrant such a finding.