516 So.2d 983 (1987)
Joseph F. CUFFERI, Appellant,
v.
ROYAL PALM DEVELOPMENT CO., INC., Appellee.
No. 87-0824.
District Court of Appeal of Florida, Fourth District.
November 12, 1987.
Rehearing Denied January 5, 1988.
Steven T. Utrecht, Boca Raton, for appellant.
Kim St. James of Broad and Cassel, West Palm Beach, for appellee.
STONE, Judge.
The defendant, Cufferi, co-signed a promissory note secured by a mortgage on real property owned by Mr. & Mrs. Hornstein, the other makers. The mortgagee assigned the mortgage to Royal Palm which subsequently satisfied the Hornstein mortgage, but reserved the right to collect on the note. Appellee instituted this action for the entire face amount of the note, without any explanation regarding satisfaction of the mortgage or the reason defendant received no credit for the satisfaction.
Appellant raised issues of fact by his answer and affidavit in opposition to the motion which were not refuted by appellee. Appellant, pro se, contended in his affirmative defenses that appellee agreed Cufferi did not owe any monies, that the satisfaction was payment, that Gregory Sheller as president of the appellee corporation had an undisclosed involvement with Hornstein relating to the note and mortgage, and that they had conspired to defraud appellant. The plaintiff's affidavit in support of summary judgment failed to refute these defenses, except to deny any agreement excusing payment. Appellant further contended, in his affidavit in opposition to *984 summary judgment, that he signed the note as an accommodation to the Hornsteins so that they could obtain a construction loan on their property. He claimed that Hornstein defrauded him and that by satisfying the mortgage, appellee eliminated the security that defendant had relied upon in co-signing the note. He alleged that he had not been advised of the satisfaction, and that the actions of Royal Palm were taken with the intent to deceive and defraud him. These allegations were not refuted, nor does the record reflect an assertion that they could not have been proved nor that they were legally insufficient. The undisputed fact of the unexplained satisfaction supports a conclusion that these were not illusory or mere paper issues.
A summary judgment should not be granted where there are issues of fact raised by affirmative defense which have not been effectively factually challenged and refuted. Johnson v. Headley, 419 So.2d 401 (Fla. 4th DCA 1982); Bunner v. Florida Coast Bank of Coral Springs, N.A., 390 So.2d 126 (Fla. 4th DCA 1980). In Bunner, this court said:
In order for a plaintiff ... to obtain a summary judgment when the defendant asserts affirmative defenses, the plaintiff must either disprove those defenses by evidence or establish the legal insufficiency of the defenses.
Id. at 127. Aroll v. ITT Commercial Finance Corp., 496 So.2d 1011 (Fla. 3d DCA 1986); O'Neal v. Brady, 476 So.2d 294 (Fla. 3d DCA 1985); First Mortgage Investors v. Boulevard National Bank of Miami, 327 So.2d 830 (Fla. 3d DCA 1976); Howdeshell v. First National Bank of Clearwater, 369 So.2d 432 (Fla. 2d DCA 1979). The burden is on the plaintiff, as the moving party, to demonstrate that the defendant could not prevail. Moore v. Morris, 475 So.2d 666 (Fla. 1985); Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
Appellant also argues that the trial court erred in denying a motion for rehearing where appellant disclosed newly discovered evidence that Sheller, the president of Royal Palm, had acquired fee simple title to the property from the Hornsteins prior to the Royal Palm satisfaction. However, we need not address the issues raised in the motion for rehearing or other motions filed subsequent to the summary judgment, since we conclude that genuine issues of material fact remained precluding entry of the judgment.
The trial court erred in granting the motion for summary judgment. We therefore reverse and remand for further proceedings.
GLICKSTEIN and DELL, JJ., concur.