531 So.2d 403 (1988)
FIRST NATIONAL ENTERTAINMENT CORPORATION, Appellant,
v.
Timothy S. BRUMLIK, et al., Appellees.
No. 87-1961.
District Court of Appeal of Florida, Fifth District.
September 22, 1988.
*404 Liliana Cano and Stuart H. Singer of Greenberg, Traurig, Askew, Hoffman, Lipoff, Rosen & Quentel, P.A., Miami, for appellant.
Richard A. Sherman of Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, for appellees.
COWART, Judge.
When the payee (Brumlik) sued on a promissory note, the maker, the corporation First National Entertainment Corporation (FNEC) asserted affirmative defenses including failure of consideration promised the maker for the note.
The payee moved for summary judgment supporting the motion with a verified complaint and an affidavit of Brumlik. The verified complaint does not contain allegations relating to the affirmative defense of failure of consideration. As to the matter of consideration for the note, the affidavit of Brumlik states only that as consideration for the note Brumlik transferred 30% ownership in CCS, Inc., a certain corporation. The maker filed an opposing affidavit of one Weisel, which stated that the note was not delivered to the maker as consideration for acquiring any interest in the corporation CCS, Inc. and, in fact, the maker did not receive a 30% interest in CCS, Inc. but that the note was given upon the representation that Brumlik owned an interest in Casper Channel 20, Inc., (a television station in Casper, Wyoming) and further, that the note was given in consideration of representations as to certain debts owed by third parties to Brumlik which represented debts were later found to be unsubstantiated.
The trial court found (1) that consideration sufficient to enforce the note did pass between the parties and (2) that the affidavits showed no facts supporting the defense of failure of consideration and, accordingly, the trial court entered partial summary judgment on the issue of liability in favor of the payee (Brumlik) and against the maker (FNEC) which partial summary judgment the maker appeals.
The finding of the trial court that the promissory note was given for sufficient consideration as to be legally enforceable misses the point of the defense of failure of consideration. Under this personal defense, the issue is not that no consideration was given the maker for the note but that the maker did not receive all of the consideration that the maker was promised, and entitled to receive, for the note. Failure of consideration is a personal defense which cannot be asserted by the maker of a negotiable instrument against a holder in due course. §§ 673.305 & 673.408, Fla. Stat.; Holm v. Woodworth, 271 So.2d 167 (Fla. 4th DCA 1972). However, where, as here, the litigation is between the original parties to a negotiable instrument, the defendant maker can assert any personal defenses including the failure of the maker to receive everything that he was supposed to receive from the payee as consideration for execution and delivery of the note. See, e.g., Dube v. Puente De La Vega, 505 So.2d 697 (Fla. 5th DCA 1987); Charron v. Coachmen Industries, Inc., 417 So.2d 1145 *405 (Fla. 5th DCA 1982); Newbern v. Pan Am Bank of Orlando, N.A., 368 So.2d 425 (Fla. 4th DCA 1979); Brady v. Zimmerman, 246 So.2d 637 (Fla. 4th DCA 1971). [5] Likewise, the finding of the trial court that the affidavit showed no facts supporting the maker's affirmative defense of failure of consideration misses the point. The plaintiff-payee, as movant for summary judgment, had the burden not only to affirm with evidence all material facts necessary to support his complaint, but also evidence sufficient to negative or disprove the maker's affirmative defense.[1] This means that the payee's motion for summary judgment should have been denied (1) if the payee failed to present admissible evidence that the maker received all the consideration the maker was promised and entitled to receive for the note, or (2) even if the payee had met its initial burden to come forward with evidence that the maker received all consideration promised for its note, if the maker presented contradictory evidence thereby creating a genuine issue of fact to be resolved by trial.
We find that Brumlik's affidavit is insufficient in substance to negative the issue of failure of consideration raised by the affirmative defense and that it only asserts that some consideration was given for the note and not that the maker received all consideration it was promised, and entitled to receive, for the delivery of the note.
It has also been asserted in this case that the form of Brumlik's affidavit is insufficient to comply with the requirement of Florida Rule of Civil Procedure 1.510(e), that affidavits "shall be made on personal knowledge, shall set forth such facts as shall be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matter stated therein."
An affidavit based soley on "information and belief" does suggest that the oath or affidavit is merely swearing to a belief based on hearsay information provided by others and is insufficient to meet the requirements of Rule 1.510(e).[2] However, in this case, Brumlik is the original holder of the promissory note in question. The body of his affidavit indicates that he had personal knowledge of the facts and circumstances surrounding the delivery of the note and of the consideration given therefor.[3] Brumlik asserts his affidavit is true and correct to the best of his knowledge and belief, i.e., based on knowledge that he believes, not on "information and belief." A person can believe facts are true because he believes the truth of information furnished by others although he cannot testify as to that information because his testimony would be hearsay. This is insufficient under Rule 1.510(e). However, a person can also believe facts are true because he personally saw, heard, or experienced those facts and thus has knowledge of them. This is sufficient under Rule 1.510(e). Therefore, we hold Brumlik's affidavit to be sufficient in form but insufficient in substance, and, for that reason, the partial summary judgment is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
DANIEL, J., concurs.
DAUKSCH, J., dissents with opinion.
DAUKSCH, Judge, dissenting.
I respectfully dissent.
First, I do not consider the affidavit filed on behalf of appellant to be legally sufficient. It says "the information contained in (the affidavit) is true and correct to the best of (the affiant's) knowledge and belief." *406 Florida Rule of Civil Procedure 1.510(e) requires that such affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Just saying one is "informed and believes" or "to the best of his knowledge and belief" does not meet the requirements of the rule. Thompson v. Citizens National Bank of Leesburg, Florida, 433 So.2d 32 (Fla. 5th DCA 1983); Campbell v. Salman, 384 So.2d 1331 (Fla. 3d DCA 1980); Silber v. Campus Sweater & Sportswear, 313 So.2d 409 (Fla. 1st DCA 1975); Garwood v. Equitable Life Assurance Society of U.S., 299 So.2d 163 (Fla. 3d DCA 1974); cert. denied 321 So.2d 553 (Fla. 1975).[1]
Further, I do not consider the contents of the affidavit to sufficiently overcome the proof offered in support of the summary judgment. Landers v. Milton, 370 So.2d 368 (Fla. 1979); see also Stolzenberg v. Forte Towers South, Inc., 430 So.2d 558 (Fla. 3d DCA 1983); Morgan v. Continental Casualty Co., 382 So.2d 351 (Fla. 3d DCA 1980); Hurricane Boats, Inc. v. Certified Industrial Fabricators, Inc., 246 So.2d 174 (Fla. 3d DCA 1971).
NOTES
[1] Bunner v. Florida Coast Bank of Coral Springs, 390 So.2d 126 (Fla. 4th DCA 1980); Howdeshell v. First National Bank of Clearwater, 369 So.2d 432 (Fla. 2d DCA 1979); Stewart v. Gore, 314 So.2d 10 (Fla. 2d DCA 1975).
[2] See, e.g., Thompson v. Citizens National Bank of Leesburg, Florida, 433 So.2d 32 (Fla. 5th DCA 1983); Campbell v. Salman, 384 So.2d 1331 (Fla. 3d DCA 1980).
[3] See, e.g., First Mortgage Investors v. Boulevard National Bank of Miami, 327 So.2d 830 (Fla. 3d DCA 1976).
[1] It is not Brumlik's affidavit which causes me to dissent. It is appellant's affidavit. The majority and I can agree on the sufficiency of his affidavit. His allegations were not overcome by a sufficient counter-affidavit.