PER CURIAM.
This appeal stems from an order of summary judgment in favor of the insureds in their action for declaratory relief. A review of the record convinces us that genuine issues of material fact remain.
The insureds, Ovsep Avagyan and Sonia Avakian, filed a claim of loss for damages allegedly sustained to their home as a result of a water leak from a burst kitchen pipe. The insurer, People’s Trust Homeowners Insurance, denied their claim. The insureds filed a declaratory judgment action, seeldng a determination that they were entitled to “full coverage” for the loss and that the insurer was estopped from claiming the policy was void. The insurer raised nine affirmative defenses, including claims that the damages alleged were the result of a pre-existing condition; that the insureds did not allow the insurer an adequate opportunity to inspect the premises; and that, prior to allowing inspection by the insurer, the insureds removed large portions of drywall, which prevented the insurer from determining the scope and cause of the loss, and intentionally concealed or misrepresented material facts, rendering the policy void. The insureds filed a motion for summary judgment, asserting there were no issues of material fact and, as a matter of law, they were entitled to entry of a declaratory judgment determining “that there is insurance coverage for the subject loss” and that the policy was not void.
The “party moving for summary judgment must show conclusively the absence of any genuine issues of material fact, and the court must draw every possible inference in favor of the party against whom a summary judgment is sought.” Craven v. TRG-Boynton Beach, Ltd., 925 So.2d 476, 479-80 (Fla. 4th DCA 2006). Moreover, “[w]hen a party raises affirmative defenses, ‘[a] summary judgment should not be granted where there are issues of fact raised by [the] affirmative defense[s] which have not been effectively factually challenged and refuted.’ ” Alejandre v. Deutsche Bank Trust Co. Americas, 44 So.3d 1288, 1289 (Fla. 4th DCA 2010) (quoting Cufferi v. Royal Palm Dev. Co., 516 So.2d 983, 984 (Fla. 4th DCA 1987)). A determination that the insureds were entitled to “full coverage” for the loss required resolution of the cause of the damage for which coverage was sought and of the affirmative defenses raised by the insurer. The evidence at summary judgment included evidence that, prior to inspection by the insurer’s adjuster, the insureds removed the drywall, up to a height of four feet, in multiple rooms; that laminate floors and furniture in some of the same rooms where the drywall had been removed showed no *906 signs of water damage; and that the handyman who removed the drywall found grass growing around the bottom of the wax ring on the toilet, mushrooms growing on the walls, and mold as high as forty-eight inches, all of which he opined could not have happened in the short amount of time that had passed since the burst pipe. Such evidence precluded resolution of the issues raised on motion for summary judgment.
Accordingly, the order appealed is reversed and the matter remanded for further proceedings.

Reversed and Remanded.

STEVENSON, CIKLIN, JJ., and WALSH, LISA S., Associate Judge, concur.