# Third District Court of Appeal

## State of Florida

Opinion filed August 24, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1175
Lower Tribunal No. 17-26140
_____

**Gregory Mirmelli,**
Appellant,

vs.

**Harvey Silverman, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Carlos Lopez, Judge.

Lowy and Cook, P.A., and Jonathan Smulevich and Leah R. Rose, for appellant.

Genovese Joblove & Battista, P.A., and Richard Sarafan, W. Barry Blum and Joseph B. Isenberg, for appellee.

Before EMAS, SCALES and MILLER, JJ.

PER CURIAM.

Affirmed. See Nat'l Mortg. Ass'n v. McFadyen, 194 So. 3d 418, 419-20 (Fla. 3d DCA 2016) (citing section 673.3011 of the Florida Statutes, observing that "[p]romissory notes are, by definition, negotiable instruments which, by law, may be enforced by a holder, a nonholder in possession who has the rights of the holder, or a person not in possession who nevertheless is entitled to enforce the note"); § 671.201(21)(a), Fla. Stat. (2017) ("'Holder' means . . . [t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[.]"); see also First Nat'l Entm't Corp. v. Brumlik, 531 So. 2d 403, 404 (Fla. 5th DCA 1988) ("Failure of consideration is a personal defense which cannot be asserted by the maker of a negotiable instrument against a holder in due course."); § 673.3051(2), Fla. Stat. (2017) ("The right of a holder in due course to enforce the obligation of a party to pay the instrument . . . is not subject to defenses of the obligor stated in paragraph (1)(b)[.]").