237 So.2d 330 (1970)
William S. JENKINS and Alice M. Jenkins, Appellants,
v.
Robert C. GRAHAM and Super Slide East, Inc., a Delaware Corporation, Appellees.
No. 69-292.
District Court of Appeal of Florida, Fourth District.
June 29, 1970.
*331 William T. Baker, Jr., of Lowndes, Peirsol, Drosdick & Baker, Orlando, for appellants.
William L. Eagan, of Arnold, Matheny & Eagan, Orlando, for appellee Graham.
REED, Judge.
This is an appeal by the defendants, William S. Jenkins and Alice M. Jenkins, his wife, from a final judgment which adjudicated a mechanic's lien on real property owned by them and directed the foreclosure of the lien.
The plaintiff, Robert C. Graham, filed a complaint in the Circuit Court for Orange County, Florida, on 20 December 1968 against William S. Jenkins and his wife, Alice M. Jenkins, and Super Slide East, Inc., as defendants. The complaint alleges that the plaintiff entered into a contract with the defendant Super Slide East, Inc., (hereafter, "Super Slide") to build a toilet facility on land owned by Mr. and Mrs. Jenkins and leased by them to Super Slide. The land was leased by Super Slide for use as a place of public amusement. The plaintiff alleged that he commenced construction on the facility on or about 5 October and completed the same on or about 31 October 1968. The unpaid contract price was stated in the complaint to be $3,483.00. The plaintiff claimed a lien for the full amount of the contract price on the fee title to the real estate owned by Mr. and Mrs. Jenkins rather than a lien on the leasehold interest of the defendant Super Slide.
By way of an affirmative defense the defendants Mr. and Mrs. Jenkins alleged that (a) the lien of the plaintiff extended only to the leasehold interest of Super Slide, and (b) the plaintiff, at the time he commenced work or shortly thereafter, knew that the defendant Super Slide did not intend to comply with its contract with the plaintiff and notwithstanding such knowledge, the plaintiff commenced construction on the toilet facility in violation of plaintiff's legal duty to minimize damages.
The plaintiff moved for a summary judgment and supported the motion by his own affidavit in which he denied knowledge that Super Slide was in financial difficulty until after the toilet facility had been substantially completed. The affidavit of Mr. Jenkins in opposition to the motion for summary judgment stated that on 4 October 1968 he told the plaintiff that Super Slide was behind on two months rent and that he (Jenkins) had asked his attorneys to take steps to terminate the lease.
On the basis of the pleadings and affidavits the motion for summary judgment was granted and a summary final judgment was ultimately entered from which this appeal has been taken.
This appeal basically presents two questions. First, did the trial court err in concluding that there was no issue of material fact as to the right of the plaintiff to claim a lien against the interest of the lessors, Mr. and Mrs. Jenkins, as distinguished from a lien against the lessee's interest only? Secondly, did the trial court err in holding that there was no issue of material fact as to the plaintiff's duty to minimize his own damages?
With respect to the first point, we are satisfied from our review of the record and briefs that there was no issue of material fact and that the plaintiff had conclusively demonstrated a right to assert a lien against the lessors' interest in the property under the provisions of F.S. 1967, Section 713.10, F.S.A. The lease between Jenkins and Super Slide clearly contemplated that the latter would operate a place of public amusement. The record which was before the trial court clearly demonstrated that in order to accomplish this purpose it was necessary to install the toilet facility in question; therefore, we are of the view that the construction of the toilet was in accordance with the lease between Jenkins and Super Slide. Under the cited provisions of the Mechanics' Lien Law the plaintiff was entitled to claim a lien on the lessors' interest in the property as well as the lessee's interest.
*332 Disposition of the second point is considerably more difficult. As stated in State ex rel. Dresskell v. City of Miami, 1943, 153 Fla. 90, 13 So.2d 707,
"* * * The principle of `avoidable consequences' upon which the reduction of damages rule is grounded is not confined entirely to the narrow limits suggested by the appellant. It finds its application in virtually every type of case in which the recovery of a money judgment or award is authorized * * * It addresses itself to the equity of the law that a plaintiff should not recover for those consequences of defendant's act which were readily avoidable by the plaintiff. * * *"
The principle of avoidable consequences is that one seeking damages as the result of another's act cannot recover those damages which he could have avoided by the exercise of reasonable care. Winter v. American Automobile Association, Fla.App. 1963, 149 So.2d 386. Since the doctrine addresses itself to equity, we see no reason why it should not be applied to a situation such as the present where a contractor seeks a mechanic's lien on an interest in real property owned by a party with whom he had no contractual relations. In fact, the doctrine should apply here with all the more logic.
The plaintiff in his brief argues that he was not required to breach his contract with the lessee, Super Slide, in order to avoid the consequences of the lessee's subsequent failure to pay for the toilet facilities in accordance with lessee's contract. We agree that the plaintiff was not required by the doctrine of avoidable consequences to breach his contract with the lessee and would add that if the facts, when ultimately adduced, show that the plaintiff merely had a doubt or a basis for a doubt as to the solvency of the lessee at the time plaintiff commenced work under his contract, he would have been under no obligation to defer the construction of the facility. 17 Am.Jur.2d, Contracts, § 430, p. 885. However, a clear manifestation of an inability to perform on the part of one party to a contract may excuse the other party from performance or tender of performance where the former's conduct shows unequivocally that performance of the condition will be useless. Vol. 5, Williston On Contracts, Third Edition, § 699, pp. 351, 353. See also Rock-ola Manufacturing Corporation v. Leopold, 5 Cir.1938, 98 F.2d 196.
Applying these principles to the present case, it appears to us that under the defensive pleading of the defendants Mr. and Mrs. Jenkins it is conceivable that they could adduce proof that prior to the commencement of construction the lessee had become totally unable to perform its part of the contract with plaintiff and that such was known to the plaintiff prior to commencement of construction. If such proof were produced, it would indicate an anticipatory breach of the contract by the lessee which would have excused the plaintiff from going forward with the construction of the facility without being in violation of his obligation under the contract. If such proof were supplied it would then be a question of fact for the trier of fact as to whether or not the plaintiff in the exercise of reasonable care should have refused performance and sought damages for loss of profits and incidental expenses.
The plaintiff argues that Jenkins' affidavit was insufficient to show, even when given all reasonable inferences, that an anticipatory breach had occurred. This may well be a correct analysis of the defendant's affidavit; however, it seems to us that the plaintiff is putting the burden on the wrong party. Where a plaintiff seeks a summary judgment the burden is upon him to conclusively refute the affirmative defenses raised by his opponent. Pompano Paint Co. v. Pompano Beach Bank and Trust Co., Fla.App. 1968, 208 So.2d 152. It appears to us that the affidavit submitted by the plaintiff in support of his motion for summary judgment does not conclusively eliminate the possibility that the defendants might, upon a full hearing, *333 sustain their defense based upon the plaintiff's duty to mitigate damages. Plaintiff's affidavit does deny that he had knowledge that the lessee was in financial difficulty until the construction was virtually completed; however, in our opinion the defense based upon mitigation of damages was not conclusively eliminated by such a denial for the simple reason that the affidavit was given by the plaintiff whose interest in the litigation invests the affidavit with an issue of credibility. See Firestone v. Time, Inc., Fla.App. 1970, 231 So.2d 862 (concurring opinion) and Tucker v. American Employers Insurance Company, Fla. App. 1969, 218 So.2d 221 (cert. denied, Fla. 1969, 227 So.2d 482).
In summary, we hold that the trial judge was correct in concluding that there was no issue of fact as to the right of the plaintiff to assert a lien on the lessors' interest in the freehold, but that there did exist a material issue of fact as to damages and, therefore, summary judgment for the plaintiff should not have been granted.
Reversed and remanded for further proceedings consistent with this opinion.
WALDEN and OWEN, JJ., concur.