289 So.2d 776 (1974)
Leroy C. ROBB, Appellant,
v.
LOTT PAVING COMPANY, INC., et al., Appellees.
No. 73-1210.
District Court of Appeal of Florida, Fourth District.
February 15, 1974.
Kenneth M. Leffler of Hutchison, Leffler & Morris, Altamonte Springs, for appellant.
Marcia K. Lippencott and Kenneth W. McIntosh of Stenstrom, Davis & McIntosh, Sanford, for appellees.
OWEN, Chief Judge.
Appellant, a general contractor, having made certain improvements to real property *777 pursuant to a contract with the lessee thereof, sought to extend the statutory lien to the interest of the lessor-owner, Hunt Oil Company, by virtue of F.S. Section 713.10, F.S.A.[1] The trial court dismissed appellant's pleading,[2] concluding that the allegations were insufficient to show a mandatory requirement on the part of the lessee to make any modification or improvement to the leased premises such as would permit the lien to extend to the interest of the lessor.
We respectfully disagree and reverse. Regardless of what appellant may be able to prove, he alleged that the improvements made to the leased premises were required by the terms of the lease agreement. Taken as true, these allegations are sufficient to extend the lien to the interest of the lessor. Anderson v. Sokolik, Fla. 1956, 88 So.2d 511; Weed, Architect, Inc. v. Horning, 1947, 159 Fla. 847, 33 So.2d 648; Jenkins v. Graham, Fla. App. 1970, 237 So.2d 330; Ideal Roofing & Sheet Metal Works, Inc. v. Katzentine, Fla.App. 1961, 127 So.2d 116.
One clause of the lease agreement provided that "... Tenant is privileged to enter upon the property as soon as the lease is signed, but prior to its commencement date, to commence modification and improvements to the building desired by Tenant", which provision the trial court apparently construed as making optional with the tenant the matter of making the improvements. The very next sentence of the agreement provided, "These modifications and improvements shall be in a minimum amount of $30,000.00... ." When the two clauses are considered in conjunction it is clear that the former is merely a license granted the tenant to enter upon the premises prior to the commencement of the term for which the premises were demised.
The order appealed is reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.
WALDEN and MAGER, JJ., concur.
NOTES
[1] Section 713.10 Extent of liens  "... [W]hen an improvement is made by a lessee in accordance with an agreement between such lessee and his lessor, liens shall extend also to the interest of such lessor... ."
[2] This suit was initiated by a subcontractor seeking to enforce its mechanic's lien, in which appellant and appellee were both named as defendants. Appellant's pleading, seeking to enforce its lien against the interest of the owner, was actually a cross-claim.