337 So.2d 1012 (1976)
C.J. KETTLES, d/b/a Kettles Landscaping & Sod, Appellant,
v.
CHARTER MORTGAGE COMPANY et al., Appellees.
No. 75-1721.
District Court of Appeal of Florida, Third District.
September 14, 1976.
*1013 Williams, Salomon, Kanner & Damian, Miami, and Alan H. Lubitz, Coral Gables, for appellant.
Smith, Hulsey, Schwalbe & Nichols and James H. Post, Jacksonville, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PEARSON, Judge.
The controlling question on this appeal is whether the plaintiff lienor, who is the appellant here, perfected a blanket lien, pursuant to Fla. Stat. § 713.09(1),[1] upon several, separate lots. The question presented here by the plaintiff is from a summary final judgment for defendants, the mortgage holders on the several lots. The appeal does not turn on the priority of the liens but rather upon the question of whether the plaintiff, in fact, has liens on the lots. In addition, appellant does not contend that there is a genuine issue of material fact requiring a trial, but urges instead that the proofs, in the form of depositions and affidavits before the trial court, were sufficient to establish the applicability of the blanket lien provision of the mechanic's lien law.
The trial court had before it uncontroverted facts to show that the plaintiff is a supplier of landscaping materials and services. He agreed with a builder to a price per yard for sod and per shrub for ornamentals to be supplied for an undesignated number of lots being constructed upon by the builder. These lots were acquired by the builder and built upon in groups of a few lots at a time. The plaintiff presumed that the arrangement would continue as long as his work was satisfactory. The defendants placed permanent mortgages on the homes as they were completed.
At the time the appellant filed his claim of lien, he was faced with a choice: He could file claims of lien on each of the approximately forty lots for which he was not paid for the services performed and the materials supplied or he could file a claim of lien on all the properties on which he contracted to provide his materials and services and for which he had not been paid. It was felt that the latter alternative found support in the Florida Mechanics' Lien Law and would allow Kettles to avoid the almost inevitable probability of losing his priority on certain lots and blocks which he completed more than ninety days prior to the filing of his claim of lien.
The trial judge held that the claim of lien was not valid because plaintiff had no "same direct contract" with the builder and, therefore, did not come within the protections afforded by Fla. Stat. § 713.09. This holding is strongly supported by the reasoning of the court in Leedy v. First Federal Savings & Loan Association of Cocoa, Fla. App. 1962, 142 So.2d 99.
*1014 The mechanic's lien statute is to be interpreted favorably to the lienor in order to achieve the beneficial purpose of the statute which is the protection of those entitled to receive the fruits of their labor. Crane Co. v. Fine, Fla. 1969, 221 So.2d 145; Art Berman Concrete, Inc. v. Sey Construction Corp., Fla.App. 1971, 247 So.2d 791. However, we must not lose site of the fact that the imposition of a lien may force a third party to pay for services that he did not contract for and that he presumed paid. Therefore, the lien law must be strictly construed to give non-contracting parties an opportunity to know at a definite time that the property is not subject to a lien. See Sheffield-Briggs Steel Products v. Ace Concrete Service Co., Fla. 1953, 63 So.2d 924; Trushin v. Brown, Fla.App. 1961, 132 So.2d 357.
We hold that no error has been made to appear upon the trial judge's holding that plaintiff's arrangement with the builder did not constitute a "same direct contract" as required by the statute for a blanket-type lien. Plaintiff's argument that his arrangement was a "requirement contract" (see Fla. Stat. § 672.306) is unavailing in that the provisions of this section are not met by the arrangement shown. To hold that any future services in an indefinite amount and duration constitute a "same direct contract" would destroy the orderly use of the mechanic's lien laws.
Affirmed.
NOTES
[1] When single claim of lien sufficient. 
"(1) A lienor shall be required to record only one claim of lien covering his entire demand against such real property where the amount demanded is for labor or services or materials furnished for more than one improvement on a single lot, parcel, or tract of land, or for a single improvement on contiguous or adjacent lots, parcels, or tracts of land, or for more than one improvement to be operated as a single plant but located on separate lots, parcels, or tracts of land, or for more than one improvement to be operated as separate units on separate lots, parcels or tracts of land but improved in one continuous building operation, such as, but not limited to, a housing or multiple unit dwelling project, or a multiple separate unit development, and made or to be made in each case under the same direct contract. The claim of lien shall then be applicable to such lots, parcels or tracts of land and the improvements thereon included therein but not previously released in writing, and proof of delivery of materials at the order of the purchaser to any of such lots, parcels or tracts of land shall be prima facie sufficient to support a lien on any or all of such lots, parcels or tracts of land so improved."