391 So.2d 313 (1980)
George JONES, D/B/a George Jones Masonry & Asphalt, Appellant,
v.
Bill WRIGHT, a/k/a William J. Wright, III, and Leonard Stein, Appellees.
No. 80-555.
District Court of Appeal of Florida, Second District.
December 10, 1980.
Larry G. Rightmyer, St. Petersburg, for appellant.
Thomas K. Riden of Riden, Crawford & Janssen, St. Petersburg, for appellee Wright.
Adrian S. Bacon of Bacon & Bacon, St. Petersburg, for appellee Stein.
SCHEB, Chief Judge.
This appeal involves a contractor's foreclosure of a claim of lien against a lessor's property for improvements he constructed pursuant to an agreement with a long-term lessee of the property.
Bill Wright contracted with George Jones to construct improvements on real property which Leonard Stein owned and leased to Wright under terms of a fifty-year agreement. Subsequently, Jones filed a claim of lien alleging that Wright had not fully paid *314 him under the contract. In June 1979 Jones filed this suit. In Count I of the complaint, Jones sought to foreclose his claim of lien against both Wright and Stein. In Count II Jones sought a money judgment against Wright alleging breach of contract.
The trial court granted Wright's motion to dismiss on Count I and Stein's motion for summary judgment on Count I. It denied Wright's motion to dismiss Count II. This appeal by Jones ensued.
The order granting Wright's motion to dismiss Count I is not an appealable nonfinal order under Florida Rule of Appellate Procedure 9.130. In addition, since Jones still has a cause of action against Wright under Count II, the order granting the motion to dismiss Count I is not a final appealable order. Although Jones seeks to obtain different forms of relief in the two counts, he is seeking the same end result, namely, payment under the contract. In McClain Construction Corp. v. Roberts, 351 So.2d 399 (Fla.2d DCA 1977), we held that an order dismissing a count of a complaint seeking to foreclose a mechanic's lien was not appealable while other counts involving the same set of facts and seeking an equitable lien and a recovery for breach of oral contract were pending. As the same basic facts are pertinent to each count in the present case, McClain controls, and, consequently, we must dismiss Jones' appeal from the order dismissing Count I as to Wright.
We think, however, that the trial court's grant of summary judgment to Stein was proper. The court had before it the lease agreement between Stein, as lessor, and Wright, as lessee, which provided in Paragraph 16 that Wright could construct any improvements on the leasehold including a farmer's market building or buildings and related areas. It also provided that Wright could not do anything which would permit a lien or claim of lien on the leasehold. The lease was recorded in the county where Jones constructed the improvements prior to his furnishing any labor or materials.
Section 713.10, Florida Statutes (1979), provides:
In the absence of fraud on the part of the lessor, the interest of the lessor shall not be subject to liens for improvements made by the lessee when the lease is recorded in the clerk's office and the terms of the lease expressly prohibit such liability.
Jones recognizes section 713.10 but argues that two other lease provisions negate its applicability here. Paragraph 5 provided that the lease was not binding on Wright unless the proper regulatory authority authorized him to build a farmer's market. If approval was not given, either party could cancel the lease. Paragraph 11 required Wright to pay all taxes and assessments on the leasehold and on any improvements he constructed. Jones, citing Robb v. Lott Paving Co., 289 So.2d 776 (Fla. 4th DCA 1974), and Jenkins v. Graham, 237 So.2d 330 (Fla. 4th DCA 1970), argues that the language of Paragraphs 5 and 11 made the construction of improvements the "pith of the lease" and thereby subjected the leased property to a claim of lien. We do not agree.
Paragraph 16 is clear in prohibiting the imposition of a lien against Stein's property. The provisions concerning a farmer's market simply gave Wright the option of constructing improvements on the leasehold. They did not make that construction the "pith of the lease" under Robb and Jenkins. Consequently, since there was no suggestion of fraud and the lease was recorded, section 713.10 controls. Therefore, Stein's interest in the property was not subject to lien.
Accordingly, we dismiss Jones' appeal from the order granting Wright's motion to dismiss Count I; we affirm the summary judgment in favor of Stein on Count I.
GRIMES and CAMPBELL, JJ., concur.