FERGUSON, Judge.
Davidson Lumber Company as material-man sought to foreclose a mechanic’s lien against property owners and lessors, Jack and Claudia Sullivan, where improvements in the leased premises had been undertaken by the lessee. The trial court entered a final judgment in favor of the lessors and Davidson Lumber Company appeals. We affirm.
The issue on appeal is whether the improvements made by the lessees were in accordance with an agreement between the lessee and lessor pursuant to Section 713.10, Florida Statutes (1975).[1]
By written agreement dated August 10, 1976, Jack and Claudia Sullivan leased to a Rhoda Albert on behalf of Florida Omni Corporation certain premises to be used as a halfway house for children. The lease specifically stated that the premises were to be used as a boarding house, required written consent of the lessor for any alterations or additions to the premises, provided the lessee with an option to purchase, and provided that in the event the option was not exercised, that all option money and all lease-hold improvements be forfeited to the lessor. There is no evidence that the lease was recorded.
Omni Corporation through its principles, Rhoda Albert and William Greene, arranged with Davidson Lumber to supply materials for renovation of the leased prem-ses. Greene was a full-time employee of Davidson Lumber. After the renovation project had been underway for about three months, the lessee defaulted and renovation ceased. Davidson Lumber then sued the Sullivans for $11,300.44 plus interest and attorney’s fees.
Florida law has consistently required that in order for a contractor to be entitled to a lien on improved realty as against the owner when the work is done for a lessee, the lease must by its terms require the work to be done or by its terms make it obvious that the improvements were the pith of the lease. Tom Joyce Realty Corp. v. Popkin, 111 So.2d 707 (Fla.3d DCA 1959). See also Anderson v. Sokolik, 88 So.2d 511 (Fla.1956); Brenner v. Smullian, 84 So.2d 44, 46 (Fla.1955); Edward L. Nezelek, Inc. v. Food Fair Properties Agency, Inc., 309 So.2d 219 (Fla.3d DCA 1975); Robb v. Lott Paving Company, Inc., 289 So.2d 776 (Fla. 4th DCA 1974).
*562 In this case, it is clear that the parties contemplated some repair work. We find, however, nothing in either the terms of the lease or in the record which suggests that the Sullivans agreed to any extensive renovations or agreed to pay for such renovations. We note there is evidence in the record supporting a conclusion that the contractor, as well as the employee of Davidson Lumber, had actual knowledge that the Sul-livans intended not to be liable for the renovations.
There was conflicting testimony at trial as to the extent of repair work contemplated. The Sullivans testified that no more than the patching of two small leaks in the roof was required. Davidson Lumber offered testimony that the building would have to be completely reconditioned to qualify for a halfway house. The trial court could reasonably conclude that the testimony offered by Davidson Lumber did not demonstrate that the removal of the entire roof, the removal and replacement of the entire third floor, and the removal of windows and entire sections of wall was necessary in order to accomplish the purpose of the lease. Cf. Jenkins v. Graham, 237 So.2d 330 (Fla. 4th DCA 1970) (record demonstrated that installation of toilet facility was necessary to accomplish purpose of lease).
The finding of the trial.court is presumed to be correct and on this record, we find that Davidson Lumber has not met its burden of demonstrating error. See, e. g., American Motor Inns of Florida, Inc. v. Bell Electric Company, 260 So.2d 276, 278 (Fla. 4th DCA 1972).
Affirmed.

. Section 713.10 provides in part:
When an improvement is made by a lessee in accordance with an agreement between such lessee and his lessor, liens shall extend also to the interest of such lessor. In the absence of fraud on the part of the lessor, the interest of the lessor shall not be subject to liens for improvements made by the lessee when the lease is recorded in the clerk’s office and the terms of the lease expressly prohibit such liability.