413 So.2d 851 (1982)
Vannoy BANKS and Christina E. Banks, Appellants,
v.
Anthony SALINA and Donna Salina, His Wife, Appellees.
No. 81-261.
District Court of Appeal of Florida, Fourth District.
May 12, 1982.
*852 Edna L. Caruso, West Palm Beach, for appellants.
J. Terence McManus and Raymond G. Ingalsbe of Ingalsbe, McManus & Wiitala, P.A., North Palm Beach, for appellees.
LETTS, Chief Judge.
This appeal evolves from a sale, between individual buyers and sellers, of a fifteen year old house which had a leaking roof and a defective swimming pool. The trial court acting as the trier of the fact ruled for the buyers and entered awards for (1) roof replacement, (2) carpentry costs to repair the damage caused by the leak, and (3) repair of the swimming pool. We affirm the first of these awards and reverse the other two.
Considering them in reverse order, the contract of sale contained no warranties, nor were there material misrepresentations relative to the pool although there was testimony that the sellers knew it was not in good condition. In Florida, there is no duty to disclose when the parties are dealing at arms length. Ramel v. Chasebrook Construction Company, 135 So.2d 876 (Fla. 2d DCA 1961).
As to the continuing roof leaks, which resulted in carpentry damage to the *853 house after the sale was consumated,[1] the sellers did, under the contract of sale, have a duty to repair the roof and dispatched roofers to carry out that task on several occasions. However, the buyers refused to let them proceed unless the roofing companies would "guarantee" their work. The agreement to repair the roof made no mention of guarantees and it is common knowledge that roofers do not normally guarantee spot repairs. Thus we are of the opinion that the buyers' demands of the roofers were unreasonable and as a consequence the sellers should not be held accountable to repair the damage which occurred after the sale and which was occasioned by the leaks,[2] especially as the leaks continued unabated and unattended for over eighteen months. We hold this self-incurred delay triggered the doctrine of avoidable consequences as to the buyers who had a duty to mitigate their damages and carry out the roof repairs themselves. Jenkins v. Graham, 237 So.2d 330 (Fla. 4th DCA 1970). It is true the trial judge found that the buyers could not afford these repairs. However, our perusal of the record does not support this finding and counsel for the buyers admitted, during oral argument before this Court, that lack of funds was not the reason the buyers did not repair the roof.
Lastly, as to the provision in the contract to repair the roof itself, the Court ruled in favor of the buyers for a new roof as distinct from the repair thereof. We are not too happy with this result, but there is competent substantial evidence in the record that might support this particular award and we will not substitute our judgment for that of the trial judge. Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).
Accordingly, we affirm the award of $3,641 as to the roof, but reverse the award of $1,233 to restore the pool and reverse the award of $8,100 attributable to the carpentry.[3]
AFFIRMED IN PART AND REVERSED IN PART.
DOWNEY and WALDEN, JJ., concur.
NOTES
[1] Some other minor items not attributable to the roof were included in the carpentry bill. They are, however, as in the case of the pool, defects for which no warranty was given.
[2] There is also evidence that the sellers personally attempted to repair the roof but the buyer also dismissed them from this effort.
[3] The final judgment's addition of these three figures totalled $13,947, but we assume this to be an arithmetical error and that the total was intended to be $12,974.