PER CURIAM.
In this appeal, a supplier (Graybar) challenges a final judgment in which the trial court found that Graybar was entitled to recover under payment bonds furnished by the general contractor (Stratton), but reduced Graybar’s money judgment for its failure to mitigate and avoid damages “in light of the facts and circumstances.” We reverse and remand for further proceedings.
In ruling that Graybar failed to mitigate damages, the trial court apparently applied the doctrine of avoidable consequences. See Jenkins v. Graham, 237 So.2d 330 (Fla. 4th DCA 1970). Our examination of the record reveals that there was insufficient evidence to support the application of that doctrine. The undisputed evidence was that Graybar’s actions in extending credit to the subcontractor were consistent with industry standards and with Gray-bar’s eight-year business relationship with the subcontractor.
The record does not support Stratton’s contentions that Graybar’s expert testimony regarding industry standards was not relevant to the facts of this case and that Graybar had itself recognized long before that it should not have continued to extend credit to the subcontractor. While Stratton presented evidence that it had paid the subcontractor, who should have then paid Graybar, there was no evidence that Gray-bar knew or should have known of such payments. The uncontroverted evidence demonstrates that Graybar immediately took steps to notify Stratton when the subcontractor deviated from its past payment practices.
Because there was no evidence to demonstrate that Graybar knew or should have known of the subcontractor’s apparent money problems and thus should have avoided the consequences thereof, Jenkins, the trial court erred in reducing Graybar’s damages. Accordingly, we reverse the-judgment and remand for further proceedings consistent herewith.
RYDER, A.C.J., and LEHAN and SANDERLIN, JJ., concur.