517 So.2d 766 (1988)
A.N. DREW, INC., a Florida Corporation, Appellant,
v.
FRENCHY'S WORLD FAMOUS CAJUN CAFE, INC., et al., Appellees.
No. BS-190.
District Court of Appeal of Florida, First District.
January 5, 1988.
*767 Stephen B. Rakusin of Rakusin & Ivey, P.A., Gainesville, for appellant.
R.L. Henderson, Jr. of Dell, Graham, Willcox, Barber & Henderson, P.A., Gainesville, for appellees.
BARFIELD, Judge.
Drew appeals the dismissal with prejudice of three counts of its amended complaint for failing to state causes of action. These counts, involving appellees Hendersons, were part of a larger multicount complaint naming other parties not relevant to this appeal. We find no error in the dismissal of Count II seeking an equitable lien and Count IV alleging quantum meruit as the pleadings are insufficient to state such causes of action. We find the allegations to be adequate in Count I in which appellant sought to foreclose a mechanics' lien on property owned by appellees.
On April 11, 1985, the appellees leased a parcel of land and a building to Frenchy's World Famous Cajun Cafe. In May, 1985, Frenchy's contracted with appellant Drew to make renovations to the building. On May 23, 1985, appellees recorded in the official records of Alachua County a short form lease which disclaimed any and all liens, including mechanics' liens, by stating that Frenchy's did not have the power to subject appellees' interest in the property to such liens. This disclaimer of liens was filed pursuant to section 713.10, Florida Statutes (1983).[1] Drew completed the contracted-for renovations but Frenchy's failed to pay for them.
Drew then brought the instant action against various parties to the lease, to the contract for renovations and to the incorporation of Frenchy's. The initial counts of the complaint involving appellees were dismissed with leave to amend. In Count I of the amended complaint, Drew alleged in Paragraph 32 that "[t]he renovations and improvements contemplated by the parties at the inception of the lease constituted the pith of the lease."
Although the trial court found such pleading to be insufficient, we disagree and find that the pleading is sufficient to survive a motion to dismiss for failure to state a cause of action. It would be preferable if appellant had pled this count in the language of section 713.10, Florida Statutes, that the improvements were "made in accordance with the" lease between appellees and Frenchy's. However, the language appellant used, that the improvements were the "pith of the lease," is drawn from a case construing section 713.10. Edward L. Nezelek, Inc. v. Food Fair Properties Agency, Inc., 309 So.2d 219 (Fla.3d DCA 1975). From a review of the four corners of the complaint, such pleading is sufficient and is all that is necessary to plead this cause of action.
Appellant also alleged in Paragraph 31 of the amended complaint that "Frenchy's agreed to lease the premises from [appellees] if, and only if, major renovations to the existing premises could be made to transform it into a Cajun-style seafood restaurant." Under section 713.10, such pleading also would be sufficient as it alleges the renovations were to be *768 undertaken in accordance with the lease. Contrary to the conclusion in Edward L. Nezelek, the statute imposes liability for mechanics' liens on the lessor's interest whether the improvements are made for the benefit of the lessee or of the lessor. So long as the improvement is made in accordance with the terms of the lease, it does not matter for which party's benefit the improvements are made. Where the terms of the lease indicate either the lessee or the lessor contemplated the improvements being made, the lessor's interest will be subject to mechanics' liens unless the lessor records the necessary disclaimer.[2] Appellants allege Frenchy's would not have entered the lease without the right to make improvements.[3] Such pleading was thus sufficient to allege the improvements were made in accordance with the terms of the lease.
The dismissal of Counts II and IV is AFFIRMED. The dismissal of Count I is REVERSED and the case is REMANDED.
ERVIN and JOANOS, JJ., concur.
NOTES
[1] "When an improvement is made by a lessee in accordance with an agreement between such lessee and his lessor, liens shall extend also to the interest of such lessor. In the absence of fraud on the part of the lessor, the interest of the lessor shall not be subject to liens for improvements made by the lessee when the lease is recorded in the clerk's office and the terms of the lease expressly prohibit such liability."
[2] Section 713.10, Florida Statutes has been amended to include additional notice requirements to a contractor, such as appellant, from a lessee and additional recording requirements imposed on lessors in disclaiming liens for improvements by lessees. Ch. 85-103, Laws of Florida, codified at section 713.10, Florida Statutes (1985).
[3] A copy of the lease was not included in the pleadings.