WARNER, C.J.
The trial court granted summary judgment in favor of a mortgagee and against a lienor under a claim of lien, finding that although the notice of commencement was recorded prior to the mortgage, the notice failed to comply with the mechanics lien statute requiring the signature of all owners of the property. The court also determined that the contractor’s claim was not entitled to priority because the appellant failed to have its name included in the notice of commencement as a “contractor.” We hold that the notice complied with the statute in both matters and reverse.
Kevin and Sita Martin, as tenants by the entirety, executed a mortgage with United Companies Lending Corporation (“United”) to secure payment for a home improvement loan. United recorded the mortgage on February 21, 1996. Earlier, on January 3, 1996, Sita Martin signed and recorded a notice of commencement. The notice listed her as the property owner and Plumb, Level & Square, Inc. (“PLS”) as the contractor. PLS is owned by Kevin Martin. The notice further provided that the owner designated Kevin Martin as the person to receive notices required under the mechanics lien law and designated him to receive lienor’s notices.
In September of 1996, Kevin Martin signed a contract with appellant, Sasso, to replace the central air conditioner in his home. However, the contract listed Kevin’s company, PLS, as the “job name” and stated that the work was to be performed on “Kevin’s own house.” Martin signed the contract in his own name and listed his residential address. After the Martins failed to pay Sasso, Sasso filed a claim of hen in December of 1996.
Eventually, the Martins quit paying on their mortgage, and United foreclosed, listing Sasso as a junior lienor because its claim of lien was filed after United recorded its mortgage. In response, Sasso filed its answer and cross-claim to foreclose on its lien,, claiming it had priority over United’s mortgage. Both parties sought summary judgment. The trial court ultimately granted summary judgment in favor of United, finding that the notice of commencement was not in compliance with the statute because it was not signed by both owners and did not identify both Kevin and Sita Martin as owners. The court further found that Sasso failed to comply strictly with the mechanics lien law because Sasso was never listed as a contractor on the notice of commencement and had no basis for claiming to be a subcon *470 tractor. Sasso appeals the order granting summary judgment in favor of United.
The fundamental purpose of the mechanics lien statute is to provide a procedure whereby laborers and materialmen may obtain payment for the work that they furnish to another’s property. See Crane Co. v. Fine, 221 So.2d 145, 152 (Fla.1969), superseded by statute on other grounds as stated in Pilot Elec. Constr. Co. v. Waters, 384 So.2d 61 (Fla. 1st DCA 1980); Kettles v. Charter Mortgage. Co., 337 So.2d 1012 (Fla. 3d DCA 1976). To that end, the lien law is construed favorably to accomplish its beneficial purpose. See Kettles, 337 So.2d at 1014. While cases hold that strict compliance with the statutory provisions is necessary for a person seeking affirmative relief under the act, see Home Elec. of Dade County, Inc. v. Gonas, 547 So.2d 109, 110 (Fla.1989); Hanley v. Kajak, 661 So.2d 1248, 1248 (Fla. 4th DCA 1995); Palmer Elec. Servs., Inc. v. Filler, 482 So.2d 509, 510 (Fla. 2d DCA 1986), strict compliance is only required by the person seeking relief under the statute. It would be a strange construction to permit the lienor to lose its protection and the value of its labor because an owner, over whom the lienor had no control, failed to complete some detail in the recording of the notice of commencement.
In Symons Corp. v. Tartan-Lavers Delray Beach, Inc., 456 So.2d 1254, 1259 (Fla. 4th DCA 1984), we explained the purpose served by the notice of commencement:
[tjhough the Notice of Commencement was originally required to trigger a commencement date from which to measure time limitations under the Mechanic’s Lien Law, the information contained in the Notice of Commencement provides all the details necessary to complete a Notice to Owner. Indeed, Section 713.13(l)(a), Florida Statutes, requires with Notice of Commencement information including the name and address of the owner and contractor. Thus, the legislature contemplated that the Notice of Commencement would provide the lienor with the current names and addresses of the owner and contractor, so that the lienor could properly mail the Notice to Owner. If no Notice of Commencement was ever posted or recorded by the owner as mandated by the statute, a lienor may have difficulty in obtaining the names and addresses of the owners and contractor.
(footnote omitted). If the notice of commencement provides the lienor with the necessary information for serving the notice to owner, then a lienor ought to be able to rely upon the information contained therein. Section 713.13(1)(a), Florida Statutes (1995), provides “[e]xcept for an improvement that is exempt ... an owner or the owner’s authorized agent before actually commencing to improve any real property ... shall record a notice of commencement in the clerk’s office .... ” (Emphasis added). Moreover, section 713.12 provides that when a contract for improving property is made with a husband or wife, and the property is owned by one or both, the spouse who contracts shall be deemed the agent of the other to the extent of subjecting the title of the other to liens. The statute recognizes that a husband and wife can bind each other under the provisions of the lien law. Thus, we hold that a notice of commencement signed by one spouse is sufficient to comply with the statutory requirements of the notice of commencement.
In addition, we have held that substantial compliance with the notice provisions of the statute is sufficient to maintain a valid lien, especially where acts or omissions by the owner have caused detrimental reliance. See Roof Structures, Inc. v. Picou, 544 So.2d 1138, 1139 (Fla. 4th DCA 1989); see also Fidelity & Deposit Co. of Maryland v. Delta Painting Corp., 529 So.2d 781, 782 (Fla. 4th DCA 1988). Reliance by the lienor on the imperfect notice of commencement filed by the owner constitutes detrimental reliance. United has *471 not shown that Sasso should lose its statutorily granted priority due to mistakes that the owner made in filing the notice.
United’s second ground for invalidating the lien is likewise meritless. It claims that the notice was insufficient because Sasso failed to have its name included in the notice of commencement as a contractor. Because the notice was insufficient, it argues, without citation to any authority, that Sasso loses its priority. Analogizing to other parts of the statute, substantial compliance with the terms of a notice to owner is all that is required as a precondition to filing a claim of lien by a person not in privity with the owner. See Fidelity & Deposit Co. of Maryland, 529 So.2d at 783. Likewise, we hold that substantial compliance with the notice of commencement is all that is required for it to serve both of its purposes as set forth in Symons Corp., 456 So.2d at 1259.
Moreover, there is no requirement that every person or entity who might meet the definition of “contractor” under the statute be listed on the notice of commencement. See § 713.01(7). One can foresee innumerable situations where that is a practical impossibility. For instance, an owner may want to separately contract for flooring, painting, landscaping, or any number of other aspects of construction. United’s construction of the statute would mean that because the owner does not list all of these “contractors” who are not even in existence at the time the notice of commencement is filed (as was the case with Sasso), the notice is invalid and thus insufficient to establish priority for any purposes. Under its construction, other lienors who sent notices to the owner and relied on the accuracy of the notice of commencement would also lose priority. We think such a construction is absurd and incompatible with the beneficial intent of the mechanics lien law.
Because the notice of commencement filed by Sita Martin was on record before United filed its mortgage, United could have protected its priority by performing a title search, something one would expect of any mortgage company before loaning money. Upon finding the earlier filed notice of commencement, United could have required the Martins to file a notice of termination pursuant to section 713.132 prior to United recording the mortgage. On the other hand, Sasso, as a contractor, had no practical way to protect itself, particularly when faced with a notice of commencement which appeared regular and complete in all respects. The law does not require every contractor to conduct a title search to verify that the information contained in the notice is true and correct. Not only does our result comport with the statute and its salutary purpose, but the burden is placed on the party who was most able to protect itself from loss.
For the foregoing reasons we reverse the judgment in favor of United on both claims and direct that summary judgment be entered in favor of Sasso.
STEVENSON, J., and CONNER, BURTON C., Associate Judge, concur.