877 So.2d 34 (2004)
14TH & HEINBERG, L.L.C., Appellant,
v.
HENRICKSEN & CO., INC., et al., Appellees.
No. 1D03-1729.
District Court of Appeal of Florida, First District.
June 3, 2004.
Rehearing Denied July 21, 2004.
*35 William H. Stafford, Esq. of Clark, Partington, Hart, Larry, Bond & Stackhouse, Pensacola, for Appellant.
John B. Trawick, Esq. of Shell, Fleming, Davis & Menge, Pensacola, for Henricksen & Co. Inc.
J. Nixon Daniel, III, Esq. and William H. Mitchem, Esq. of Beggs & Lane, Pensacola, for Terhaar & Cronley General Contractors, Inc.
David A. Sapp, Esq. of David A. Sapp, P.A., Pensacola, for Envision Design, P.L.L.C., for Appellees.
*36 LEWIS, J.
Appellant, 14th & Heinberg, L.L.C., seeks review of the trial court's three final judgments in which the court found that appellees, Henricksen & Co., Inc. ("Henricksen"), Terhaar and Cronley General Contractors, Inc. ("Terhaar"), and Envision Design, P.L.L.C. ("Envision"), three companies who made improvements to the premises owned by appellant and leased to Montgomery Ward, held valid construction liens on appellant's property and directed appellant to satisfy the liens. We find no merit in appellant's first argument that the trial court improperly expanded section 713.10, Florida Statutes, by requiring that a short form of a lease that is recorded in the clerk's office contain a lessor's disclaimer of any mechanics' liens arising out of improvements made by a lessee on the leased premises. However, we agree with appellant's contention that its interest cannot be subject to mechanics' liens arising out of the improvements at issue because the lease with Montgomery Ward and the amendment to the lease did not require that the improvements be made, nor did the improvements constitute the pith of the lease. We, therefore, reverse and remand.
On November 20, 1970, appellant's predecessor-in-interest, Nancy Realty Company ("Nancy Realty"), as lessor, entered into a lease agreement (the "Lease") with Montgomery Ward, as lessee, for premises located in Pensacola. Per the Lease, Montgomery Ward was not to "permit any liens to stand against the premises for any labor or material furnished to [it] in connection with any work performed by [it] or at [its] direction...." The Lease also provided that Montgomery Ward "from time to time may make any alterations, additions, or improvements to the premises," but that it was not to make "any structural alterations, additions or improvements to the premises without first securing [the lessor's] written consent...." Nancy Realty subsequently filed a Memorandum of Lease with the Clerk of the Circuit Court for Escambia County. This document contained a description of the leased premises, the commencement and length of the Lease, and the parties' options to extend the Lease. It made no mention of the Lease's lien provision.
On August 14, 2000, appellant, as Nancy Realty's successor-in-interest, and Montgomery Ward executed an Amendment to Lease (the "Amendment"), which provided:
WHEREAS, Tenant is desirous of modifying the Premises, including certain alterations, additions or improvements; and
WHEREAS, Landlord and Tenant are desirous of amending the Lease to the limited extent set forth hereinbelow;
NOW, THEREFORE, for good and valuable consideration, it is agreed as follows:
1. Tenant shall be permitted to perform the work set forth on the redevelopment plans on Project # 99034.00 dated May 8, 2000 prepared by Mark Baughman, Architect and transmitted to Landlord on June 12, 2000 attached hereto as Exhibit A. These alterations, and any other alterations or improvements made by or for Tenant ("Alterations"), shall be performed in accordance with the following....
(emphasis added). The "following" addressed applicable building codes, necessary permits, an insurance extension, and the necessity of constructing the alterations in a good and workmanlike manner. The Amendment also provided that "[t]enant shall not have any right to subject Landlord's interest in the Premises to any mechanic's lien or any other lien whatsoever."
*37 Subsequently, Montgomery Ward contracted with appellees for certain construction and architectural services that were to be rendered on the leased premises. Appellees later filed suit against appellant as the lessor, alleging, inter alia, that they had furnished certain services on the leased premises and seeking to establish and foreclose a Claim of Lien pursuant to chapter 713, Florida Statutes.
Thereafter, appellant filed a motion for summary judgment, arguing, among other grounds, that its interest could not be subject to liens arising out of the improvements at issue because neither the Lease nor the Amendment required Montgomery Ward to construct the improvements at issue, because the improvements did not constitute the pith of the parties' Lease, and because Nancy Realty recorded a Memorandum of Lease in the clerk's office. Terhaar then filed a motion for summary judgment in which it asserted that it was entitled to a lien on the leased premises because the Amendment contemplated specific improvements and because the short form of the Lease that was recorded in the clerk's office did not contain the necessary disclaimer. Following a hearing on the two motions, the trial court denied appellant's motion and granted Terhaar's motion, finding that Terhaar held a valid construction lien. Envision and Henricksen, making the same arguments as Terhaar made in its summary judgment motion, subsequently filed motions for summary judgment, which the trial court granted. The trial court also entered three final judgments, finding that Terhaar was entitled to $219,803.29, that Envision was entitled to $25,709.99, and that Henricksen was entitled to $110,966.43, with each amount including both the Claim of Lien and interest. On April 7, 2003, the trial court entered an order consolidating the three cases nunc pro tunc to November 16, 2001. Appellant subsequently moved to stay the proceedings pending an appeal, a request which the trial court granted. This appeal followed.
Appellant first contends that the trial court improperly expanded section 713.10(1), Florida Statutes (2001), by imposing a requirement that a short form of a lease that is recorded in the clerk's office contain a disclaimer that the lessor's interest will not be subject to mechanics' liens. It is well-established that the construction of a statute or a contract is a question of law reviewable de novo. Dixon v. City of Jacksonville, 774 So.2d 763, 765 (Fla. 1st DCA 2000). In construing a statute, the plain meaning of the statute is this Court's first consideration. See Fla. Dep't of Educ. v. Cooper, 858 So.2d 394, 395 (Fla. 1st DCA 2003); Jackson County Hosp. Corp. v. Aldrich, 835 So.2d 318, 328-39 (Fla. 1st DCA 2002). It is well-settled that legislative intent is the polestar that guides this Court's statutory construction analysis. See State v. J.M., 824 So.2d 105, 110 (Fla.2002) (citation omitted). Legislative intent is determined primarily from the language of a statute. State v. Rife, 789 So.2d 288, 292 (Fla.2001) (citations omitted). We are also mindful of the doctrine of noscitur a sociis, under which a court examines the other words within a string of concepts to derive the Legislature's overall intent. Nehme v. Smithkline Beecham Clinical Labs., Inc., 863 So.2d 201, 205 (Fla.2003); see also WFTV, Inc. v. Wilken, 675 So.2d 674, 678-79 (Fla. 4th DCA 1996) (noting that a statutory term should not be read in isolation but rather in context).
Section 713.10, which is entitled, "Extent of liens," provides:
Except as provided in s. 713.12, a lien under this part shall extend to, and only to, the right, title, and interest of the person who contracts for the improvement *38 as such right, title, and interest exists at the commencement of the improvement or is thereafter acquired in the real property. When an improvement is made by a lessee in accordance with an agreement between such lessee and her or his lessor, the lien shall extend also to the interest of such lessor. When the lease expressly provides that the interest of the lessor shall not be subject to liens for improvements made by the lessee, the lessee shall notify the contractor making such improvements of such provision or provisions in the lease, and the knowing or willful failure of the lessee to provide such notice to the contractor shall render the contract between the lessee and the contractor voidable at the option of the contractor. The interest of the lessor shall not be subject to liens for improvements made by the lessee when:

(1) The lease or a short form thereof is recorded in the clerk's office and the terms of the lease expressly prohibit such liability; or
(2) All of the leases entered into by a lessor for the rental of premises on a parcel of land prohibit such liability and a notice which sets forth the following is recorded by the lessor in the public records of the county in which the parcel of land is located:
(a) The name of the lessor.
(b) The legal description of the parcel of land to which the notice applies.
(c) The specific language contained in the various leases prohibiting such liability.
(d) A statement that all leases entered into for premises on the parcel of land contain the language identified in paragraph (c).
(3) The lessee is a mobile home owner who is leasing a mobile home lot in a mobile home park from the lessor.
(emphasis added). Notably, prior to 1985, section 713.10 provided that a lessor's interest would not be subject to liens for improvements on its property "when the lease is recorded in the clerk's office and the terms of the lease expressly prohibit such liability." See § 713.10, Florida Statutes (1983). In amending this statute, the Legislature obviously sought to provide a simplified and less costly manner in which lessors may provide notice to prospective contractors of their disclaimer of liability for improvements made by a lessee.
We interpret section 713.10(1) as serving to protect not only lessors but also those who contract with lessees to perform services on the leased premises. By filing either a lease containing a disclaimer or a short form of a lease containing a disclaimer, a lessor essentially places any interested party on notice that its interest will not be subject to any mechanics' liens arising out of the lessee's failure to satisfy its financial obligations for services rendered on the leased premises. If, as appellant argues, a lessor could avoid liability simply by disclaiming liability in the lease without including such a disclaimer in the recorded short form, the purpose behind section 713.10(1) would be frustrated. Furthermore, section 713.10(2), which mandates that a notice regarding multiple leases on a parcel of land include the specific language contained in the various leases prohibiting a lessor's liability, supports our interpretation of section 713.10(1). In other words, if a lessor desires to protect its interest from mechanics' liens arising out of improvements made by a lessee, the document that is recorded in the clerk's office, be it the actual lease, a short form of the lease, or the notice as prescribed in section 713.10(2), must contain a provision *39 expressly prohibiting such liability.[1] As such, we find no merit in appellant's first argument.
In its second issue on appeal, appellant contends that its interest cannot be subject to the liens at issue because neither the Lease nor the Amendment required Montgomery Ward's desired improvements and because such improvements did not constitute the pith or essence of the parties' Lease. With respect to this issue, the pertinent provision found in section 713.10 sets forth that "[w]hen an improvement is made by a lessee in accordance with an agreement between such lessee and her or his lessor, the lien shall extend also to the interest of such lessor."
It has long been established in Florida that in order for a lessor's interest to be subject to mechanics' liens arising from improvements made on its property pursuant to section 713.10 or its predecessor, section 84.03(2), Florida Statutes, the lease agreement must require the lessee to make certain improvements or the improvements must constitute the pith of the lease. See Anderson v. Sokolik, 88 So.2d 511, 514 (Fla.1956) (holding that the lessors' interest in the leased property was subject to liens because it was perfectly obvious that the parties knew that the improvements at issue were the pith of the lease and that, except for them, the lease would not have been executed and because the improvements were essential to the purpose of the lease); Brenner v. Smullian, 84 So.2d 44, 45-46 (Fla.1955) (noting that the court had previously construed section 84.03(2) to make the lessor's interest in the leased property liable for any construction work done by a lessee "only if the lease agreement required the lessee to make the alterations or to effect the improvements involved"); Miracle Ctr. Dev. Corp. v. M.A.D. Constr., Inc., 662 So.2d 1288, 1289 (Fla. 3d DCA 1995) (holding that a lessor's interest can only be subject to liens arising from improvements performed on the leased property if the lease required the improvements or if, under judicial interpretation, the improvements were the pith of the lease); Van D. Costas, Inc. v. Rosenberg, 432 So.2d 656, 658 (Fla. 2d DCA 1983) (holding that the appellant contractor failed to prove the existence of a lease provision requiring the lessee to make the improvements at issue which could have the effect of subjecting the lessor's property to a lien); Budget Elec. Co. v. Strauss, 417 So.2d 1143, 1145 (Fla. 5th DCA 1982) (holding that the mere fact that the parties to a lease may contemplate that the lessee will make improvements to the property is insufficient to subject the lessor's interests to mechanics' liens and that the lease must instead expressly or impliedly require the requirements to be made); Davidson Lumber Co. v. Sullivan, 403 So.2d 560, 561 (Fla. 3d DCA 1981) (noting that Florida law has consistently required that in order for a contractor to be entitled to a lien on improved realty as against the owner when work is done by the lessee, the lease terms must require the work to be done or its terms must make it obvious that the improvements were the pith of the lease); Jones v. Wright, 391 So.2d 313, 314 (Fla. 2d DCA 1980) (holding that the lease provision *40 granting the lessee the option of constructing improvements did not make the construction the pith of the lease); Edward L. Nezelek, Inc. v. Food Fair Props. Agency, Inc., 309 So.2d 219, 220 (Fla. 3d DCA 1975) (holding that the lease at issue, which set forth that the tenant "may" at its own expense make alterations and improvements, did not require the lessee to make the improvements and that the alterations and improvements did not constitute the pith of the lease); Tom Joyce Realty Corp. v. Popkin, 111 So.2d 707, 708 (Fla. 3d DCA 1959) (noting that the supreme court's decisions have uniformly held that for a contractor to be entitled to a lien on the improved realty, it must be made to appear that the original lease by its terms required the work to be done or that the lease by its terms made it obvious that the improvements were the pith of the lease); J.R. Dills v. Tomoka Land Co., 108 So.2d 896, 897 (Fla. 1st DCA 1959) (noting that there was no doubt that a lessor's property may be charged with a mechanic's lien when the lease requires the lessee to make a designated improvement or when both parties knew that the improvements constituted the pith of the lease and that, except for them, the lease would not have been executed).
Appellees essentially concede, and we conclude, that neither the Lease nor the Amendment required Montgomery Ward to make its desired improvements to the leased premises. Rather, Montgomery Ward was simply permitted to make such improvements. Nor do we find that the improvements constituted the pith or essence of the Lease as neither the Lease nor the Amendment indicates that the improvements were vital to the Lease's perpetuality. Appellees instead rely on our previous opinion in A.N. Drew, Inc. v. Frenchy's World Famous Cajun Cafe, Inc., 517 So.2d 766 (Fla. 1st DCA 1988), in support of their argument that appellant's interest is subject to the liens because it and Montgomery Ward contemplated that the improvements would be made. However, we reject appellees' broad construction of that opinion.
In A.N. Drew, Inc., we reviewed the trial court's dismissal of three counts of the appellant's amended complaint for failing to state a cause of action. 517 So.2d at 767. We affirmed the dismissal of two counts but reversed as to the count in which the appellant sought to foreclose a mechanic's lien on property owned by the appellees. Id. The appellees had leased a parcel of land to the lessee, who subsequently contracted with the appellant for improvements. Id. We explained that the appellant had alleged that "[t]he renovations and improvements contemplated by the parties at the inception of the lease constituted the pith of the lease." Id. In disagreeing with the trial court that the pleading was insufficient, we noted that, although it would have been preferable for the appellant to have pled the pertinent language of section 713.10, the language used was "all that [was] necessary to plead this cause of action." Id. With regard to the appellant's allegation that "[the lessee] agreed to lease the premises from [the appellees] if, and only if, major renovations to the existing premises could be made to transform it into a Cajun-style seafood restaurant," we held that such an allegation was sufficient as it alleged that the renovations were to be undertaken in accordance with the lease. Id. at 767-68. In determining the sufficiency of this latter allegation, we concluded that it does not matter for which party's benefit the improvements are made as long as the improvements are made in accordance with the terms of the lease. Id. We also noted that where the terms of the lease indicate that either the lessee or the lessor contemplated the improvements being *41 made, the lessor's interest will be subject to mechanics' liens unless the lessor records the necessary disclaimer. Id.
We find appellees' reliance upon our previous decision in A.N. Drew, Inc. misplaced given the different posture of the instant case. Unlike the issue of the sufficiency of the allegations contained in a complaint which was presented in A.N. Drew, Inc., this appeal asks us to review the trial court's ruling addressing the merits of the case. Furthermore, contrary to appellees' contention, A.N. Drew, Inc. is consistent with established precedent that a lessor's interest may only be subject to mechanics' liens arising out of improvements made to its property by a lessee if the lease agreement required the lessee to make certain improvements or if the improvements constituted the pith of the lease. A.N. Drew, Inc. stands for the proposition that, if the terms of a lease indicate that either the lessee or the lessor contemplated certain improvements by agreeing to enter into the lease on the condition that the improvements would be made, i.e., the improvements constitute the pith of the lease, then a lessor's interest will be subject to mechanics' liens unless the lessor records the necessary disclaimer.
For the reasons stated above, we hold that appellant's interest cannot be subject to mechanics' liens arising out of the improvements at issue because neither the Lease nor the Amendment required Montgomery Ward to make the improvements and because the improvements did not constitute the pith of the Lease. Accordingly, the final judgments are REVERSED and the case is REMANDED with directions that the trial court enter judgment in favor of appellant on appellees' statutory lien claims.
PADOVANO, J., CONCURS; ALLEN, J., CONCURS IN PART AND DISSENTS IN PART WITH WRITTEN OPINION.
ALLEN, J, concurring in part and dissenting in part.
I agree that the final judgments based upon incorrect rulings on the appellees' motions for summary judgment must be reversed. However, we are not required in this appeal to finally decide the merits of the appellees' statutory lien claims, and I would not do so. I would reverse the order under review and remand for further proceedings on the appellees' complaints.
NOTES
[1] We find it noteworthy that the Florida Bar's Continuing Legal Education materials regarding complex transactions in real property cases include a template of a short form of a lease which contains the disclaimer "[l]essor's interest in the premises and the underlying fee is not subject to any lien for improvements to the premises undertaken by Lessee whether or not the improvements are made with the consent of the lessor." See Arthur J. Menor, Leases § 10.103 (Fla. Bar CLE 2000).