74 So.3d 587 (2011)
MHB CONSTRUCTION SERVICES, L.L.C., a Florida limited liability company, Appellant,
v.
RM-NA HB WATERWAY SHOPPES, L.L.C., a Florida limited liability company, Appellee.
Nos. 4D10-3054, 4D11-363.
District Court of Appeal of Florida, Fourth District.
November 23, 2011.
*588 Michael J. Yates of the Law Offices of Michael J. Yates, P.L., Miami, for appellant.
Adam P. Handfinger and K. Stefan Chin of Peckar & Abramson, P.C., Miami, for appellee.
Scott D. Rembold and Mark D. Bohm of Bogert & Rembold, P.L., Coral Gables for Amicus Curiae South Florida Associated General Contractors.
DAMOORGIAN, J.
In its consolidated appeals, MHB Construction Services, L.L.C. appeals: (1) the trial court's final order dismissing RM-NA HB Waterway Shoppes, L.L.C. ("Landlord") as a party on a motion to dismiss and (2) the final judgment awarding Landlord attorney's fees and costs. The issue on appeal is whether MHB could lien Landlord's fee simple interest when Landlord's tenant failed to pay MHB for improvements made to the tenant's leased property. Concluding that the trial court was correct in its analysis that MHB may not lien Landlord's property, we affirm the trial court's final order of dismissal and the final judgment awarding attorney's fees and costs.
Landlord is the owner of a shopping center. Landlord entered into a commercial lease with Rebecca L. Shortt, Inc. ("Tenant"), who operates a daycare center.[1] Two years before the lease's execution, *589 Landlord recorded a "Notice of Lien Prohibition" in the public records of Broward County in accordance with section 713.10, Florida Statutes (2010). After entering into the lease, Tenant contracted with MHB to make improvements to the leased space. Before the construction began, Landlord executed and recorded a notice of commencement pursuant to section 713.13, Florida Statutes (2010).
Ultimately, MHB filed a foreclosure action against Landlord and Tenant for the balance due on the construction contract. In response to the complaint, Landlord filed a verified motion to strike Count I (foreclosure of lien) as a sham pleading, asserting that the recorded Notice of Lien Prohibition barred MHB from asserting a claim of lien on Landlord's property. The trial court agreed and entered a final order dismissing the claim against Landlord. This consolidated appeal followed.
MHB argues that by executing and recording a notice of commencement, Landlord identified its "control and financial stake in the construction," and "Landlord must now be estopped from claiming the lien cannot affect its fee simple property interest since Landlord identified itself as owner in the Notice of Commencement." We disagree.
We begin our analysis by looking at the purpose behind a notice of commencement. In Sasso Air Conditioning, Inc. v. United Cos. Lending Corp., 742 So.2d 468 (Fla. 4th DCA 1999), Judge Warner, quoting Symons Corp. v. Tartan-Lavers Delray Beach, Inc., 456 So.2d 1254 (Fla. 4th DCA 1984), provided a concise statement of the purpose served by a notice of commencement pursuant to Section 713.13(1)(a), Florida Statutes:
Though the Notice of Commencement was originally required to trigger a commencement date from which to measure time limitations under the Mechanic's Lien Law, the information contained in the Notice of Commencement provides all the details necessary to complete a Notice to Owner. Indeed, Section 713.13(1)(a), Florida Statutes, requires with Notice of Commencement information including the name and address of the owner and contractor. Thus, the legislature contemplated that the Notice of Commencement would provide the lienor with the current names and addresses of the owner and contractor, so that the lienor could properly mail the Notice to Owner.
Sasso Air Conditioning, Inc., 742 So.2d at 470 (quoting Symons Corp., 456 So.2d at 1259).
Contrary to MHB's assertion, we do not read section 713.13, Sasso Air Conditioning, Inc., or any other case law provided by MHB to suggest that the execution of a notice of commencement has the effect of giving a contractor the right to lien the property of a lessor who is not a party to the contractor-lessee contract for improvements.[2]
Most significantly in this case, Landlord recorded a notice of lien prohibition in accordance with section 713.10. Section 713.10 provides:

*590 The interest of the lessor shall not be subject to liens for improvements made by a lessee when:
...
(2) All of the leases entered into by a lessor for the rental of premises on a parcel of land prohibit such liability and a notice which sets forth the following is recorded by the lessor in the public records of the county in which the parcel of land is located:
(a) The name of the lessor.
(b) The legal description of the parcel of land to which the notice applies.
(c) The specific language contained in the various leases prohibiting such liability.
(d) A statement that all leases entered into for premises on the parcel of land contain the language identified in paragraph (c).
§ 713.10(2)(a)-(d), Fla. Stat. (2010). We are bound by the strict interpretation of section 713.10, and to follow MHB's proposition that section 713.13 abrogates the rights under section 713.10, would ignore the plain meaning of section 713.10. See Kingsway Amigo Ins. Co. v. Ocean Health, Inc., 63 So.3d 63, 66-67 (Fla. 4th DCA 2011) (quoting Holly v. Auld, 450 So.2d 217, 219 (Fla.1984)) ("If a statute is clear and unambiguous, `there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning.'").[3]
MHB next argues that "when a landlord requires construction or is responsible for construction costs under the terms of the lease" commonly referred to as the pith of the lease, "the claim of lien will also extend to the interest of the landlord." MHB claims that Landlord's $10,000 reimbursement towards Tenant's improvements constituted an unfair scheme to avoid liens, was a way to use Tenant as a strawman, and permitted MHB to lien the property. These arguments are without merit. Although section 713.10 provides that "[w]hen an improvement is made by a lessee in accordance with an agreement between such lessee and her or his lessor, the lien shall extend also to the interest of such lessor," the statute further provides that the lessor will not be subject to liens for improvements when the lessor complies with the requirements of subsection 2. See § 713.10(2) Fla. Stat. The lease and Notice of Lien Prohibition expressly prohibited claims of lien for improvements made by Tenant from attaching to the property. See A.N. Drew, Inc. v. Frenchy's World Famous Cajun Cafe, Inc., 517 So.2d 766, 768 (Fla. 1st DCA 1988) ("Where the terms of the lease indicate either the lessee or the lessor contemplated the improvements being made, the lessor's interest will be subject to mechanics' liens unless the lessor records the necessary disclaimer.") (footnote omitted); see also Miracle Ctr. Dev. Corp. v. M.A.D. Constr., Inc., 662 So.2d 1288 (Fla. 3d DCA 1995) (illustrating the level of protection afforded to landlords under Chapter 713).
The lease did not require that improvements be made. See 14TH & Heinberg, LLC v. Henricksen & Co., Inc., 877 So.2d 34, 36 (Fla. 1st DCA 2004) (holding that the landlord's interest could not be subject to the mechanics' liens because the lease "did not require that the improvements be made, nor did the improvements constitute the pith of the lease."). The lease also *591 required Tenant to get written consent from Landlord before Tenant could make improvements. See id. (in reaching its holding that there was no claim of lien against the landlord, the court noted that the tenant needed written consent from the landlord before making improvements). Lastly, Landlord's $10,000 contribution towards MHB's construction was less than 10% of the total cost of improvements and was contingent on Tenant receiving a final release from MHB. See Budget Elec. Co. v. Strauss, 417 So.2d 1143, 1145 (Fla. 5th DCA 1982) (holding that the mere fact that the parties to a lease may contemplate the lessee will make improvements to the property is insufficient to subject the lessor's interests to mechanics' liens and that the lease must expressly or impliedly require the improvements be made).
MHB was in the best position to understand Landlord's prohibition against liens and to protect itself by contractually binding Landlord in the event that Tenant defaulted. See Sasso Air Conditioning, Inc., 742 So.2d at 471 ("Not only does our result comport with the statute and its salutary purpose, but the burden is placed on the party who was most able to protect itself from loss."). Our affirmance of the final order of dismissal renders moot MHB's argument in connection with the final judgment awarding attorney's fees and costs in the underlying action.
Affirmed.
GERBER, J., and MARX, KRISTA, Associate Judge, concur.
NOTES
[1] The lease contained three provisions relevant to our decision: 1) "Tenant covenants and agrees that it shall not make any Tenant improvements upon the structure of the Demised Premises during the Lease Term unless such improvements are made subsequent to receiving written consent of the Landlord, which consent may be withheld in the absolute discretion of the Landlord."; 2) A "lien prohibition clause" for tenant improvements; and 3) A "Landlord's Work/Construction Agreement," providing for reimbursement of Tenant's construction costs conditioned on Tenant receiving a final release from MHB.
[2] We also note that the Notice of Commencement properly complied with the requirements of section 713.13(1)(a)3., Florida Statutes (2010), by listing Tenant as the owner and that Tenant's ownership interest was a leasehold interest.
[3] MHB never raised to the trial court or on appeal that the Notice of Lien Prohibition was defective.